The People of the State of New York, Respondent, *v.* Archie James, Appellant.

County Court, Delaware County, January 29, 1934.

*Arthur E. Conner,* for the appellant.

*Robert B. Craft, District Attorney,* for the respondent.

O'Connor, J. The defendant was convicted after a jury trial in a Court of Special Sessions of the town of Delhi, Delaware county, N. Y., of the crime of having in his possession a racoon in violation of section 176 of the Conservation Law of the State of New York. The court imposed a fine of ten dollars or one day in the county jail for each day of fine unpaid and gave the defendant ten days to pay the fine.

From that judgment of conviction the defendant has appealed, alleging several errors.

Defendant alleges that after the case was submitted to the jury for its determination and the jury had retired to the jury room in charge of an officer, the justice and said officer entered the room

where the jury were deliberating, privately and apart from the parties and without their consent, and answered certain questions asked them by the jurors, and said justice gave the jury certain instructions in relation to the matters before them. This not having been disputed in any way by the People must on this appeal be taken as true.

The fact that the justice of the peace and the officer who had them in charge entered the jury room and communicated with them in relation to the matters upon which they were deliberating is in violation of the terms of the oath administered to the officer pursuant to section 421 of the Code of Criminal Procedure, and vitiates the verdict rendered by the jury. (*High* v. *Chick*, 81 Hun, 100; *Seeley* v. *Bisgrove*, 83 id. 293; *Abbott* v. *Hockenberger*, 31 Misc. 587; *Kehrley* v. *Shafer*, 92 Hun, 196.) All these cases are civil cases, but the rule should be more strictly applied in a criminal case.

Appellant also contends that C. B. Sandway, who is a district game inspector and has not regularly been admitted to practice as an attorney and counselor in the courts of record in this State, had no right to prosecute the action on the part of the People, and that his so doing was in violation of section 271 of the Penal Law, which reads as follows: "A person shall not ask or receive, directly or indirectly, compensation for appearing as attorney in a court or before any magistrate * * * or make it a business to practice as an attorney in a court or before a magistrate * * * unless he has been regularly admitted to practice, as an attorney or counselor, in the courts of record of the state, but nothing in this act shall be held to apply to officers of societies for the prevention of cruelty, duly appointed, when exercising the special powers conferred upon such corporations under article six of the membership corporations law." There seems to have been no decisions in the State of New York construing this section in relation to the Court of Special Sessions. It has been the usual practice for game inspectors and protectors and State troopers to conduct the prosecution on behalf of the People in criminal cases where the investigation in relation to the violation of the Game Law or commission of a crime has been made by them and a warrant issued upon the evidence they have secured. The Attorney-General has rendered an opinion to the effect that a game protector does not, directly or indirectly, ask or receive compensation for appearing as attorney in a court or before any magistrate when he prosecutes in behalf of the People a person charged with violation of the Conservation Law. The duties of game inspectors and protectors and State police in relation to the enforcement of the provisions of the Conservation

Law are specified in section 169 of the Conservation Law. Acting as a prosecuting attorney is not specified in said section as one of those duties. If a game inspector acts as an attorney and prosecutes in behalf of the People a person charged with violation of the Conservation Law he is doing so because he is a game inspector. Although not specified as one of his duties in section 169, yet, by inference, it must be considered one of his duties, that he is acting in that capacity because he is a game inspector and is being paid therefor by the State. We are also of the opinion that a game inspector or protector who acts as an attorney in the prosecution of a person charged with violation of the Conservation Law is making it a business to practice as an attorney in a court and before a magistrate within the meaning of the provisions of section 271 of the Penal Law. If it is a part of his duty to prosecute even though he only acts once in a while, yet he would be making it a business so to do within the intent of the statute.

The same language is used in section 270 of the Penal Law forbidding the practice of law by any natural person without being admitted.

In *People* v. *Meola* (193 App. Div. 487) the term " business " as used in section 270 of the Penal Law is held not to imply an exclusive occupation; but that a series of acts may constitute a business. If game inspectors or protectors throughout the State of New York make it a practice to act as attorneys in the prosecution of violations of the Conservation Law, it must be held they are making it a business within the meaning of the provisions of section 271 of the Penal Law. This construction of the provisions of this section is not only according to law but is also a salutary one. The officer who makes the investigation, lays the information, procures the issuance of the warrant and makes the arrest of the person accused of crime, should not be allowed to act as prosecuting attorney. No argument is needed that allowing a person to act as investigator, complainant, arresting officer, principal witness and prosecuting attorney does not tend to promote justice. It is a constitutional right, strengthened by statutes, that a man accused of a crime shall have a fair and impartial trial. No statute should be so construed as to permit a guilty person to escape through technicalities. On the other hand, nothing should be done to violate the spirit and express provision of the Constitution and statute guaranteeing a man accused of crime a fair and impartial trial. This cannot be done if too much power and too many functions are vested in or permitted to be exercised by the arresting officer.

Section 271 excepts officers of societies for the prevention of

cruelty from the provisions of the section. This is one of the reasons why this court has construed the section as prohibiting game protectors and State police from conducting the prosecution of such cases. If the Legislature desired to permit them to act as prosecuting attorneys, it should have also excepted them from the provisions of the section in question. Not having done so they naturally come within its provisions. Why officers for societies for prevention of cruelty should be excepted from the provisions of the statute and game protectors should not, is not apparent to the court. The court, however, has to construe the statute as it is written and not to inquire the reasons for the enactment of it in its present form. If a remedy is needed, application therefor should be made to the Legislature.

· However, a party to a civil or criminal action has a right to act as attorney in his own behalf. If, therefore, a game inspector or protector makes the investigation, secures the necessary evidence and lays the information before the magistrate, he would have the right to prosecute in behalf of the People without violating section 271 of the Penal Law. He, being the complainant, would have a right to conduct the prosecution in his own behalf. If the game protector, who made the complaint in this proceeding, had conducted the prosecution in behalf of the People, this court would be constrained to hold that he was not violating the provisions of the section in question. For the reasons above stated, while not unlawful, this practice is not to be commended. But the prosecution was conducted by Mr. Sandway, who was not the complainant, but a district inspector who acted solely as prosecuting attorney. This distinction may be fine but we believe it to be warranted under the circumstances.

It was the opinion of the court on the argument that the fact that Mr. Sandway conducted the prosecution, although in violation of this section, would not have any effect upon the judgment rendered by the court. On consulting the authorities the court finds itself in error and the cases all seem to hold that where a trial is conducted by a person who is forbidden to conduct the trial of the same it renders the judgment void. (*Kaplan* v. *Berman*, 37 Misc. 502; *Newburger* v. *Campbell*, 58 How. Pr. 313; *Puma* v. *McGonigle*, 73 Misc. 35.)

It is apparent that the act of the defendant in keeping in confinement a very young racoon for the purpose, as he contends, of preserving its life and his releasing it as soon as the officer informed him that he was violating the Conservation Law, constituted a technical and unintentional violation of the statute.

Inasmuch as the offense with which the defendant is charged is

not a serious one, the conduct on the part of the justice and the officer who had the jury in charge, in entering the jury room without the consent or knowledge of the defendant, and the prosecution on the part of the People having been conducted by a person who had not been regularly admitted to practice as attorney or counselor, renders the judgment void, the defendant should not be put to any further expense or inconvenience in defending himself against the charge made. The ends of justice and the interest of all parties concerned will, in our opinion, be best served by discharging the defendant instead of granting him a new trial.

An order may be entered accordingly.