THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* STANLEY BLACK, Appellant.

County Court, Otsego County, September 11, 1935.

*Clermonte G. Tennant,* for the appellant.

*Donald H. Grant, District Attorney,* for the respondent.

VAN WOERT, J. Stanley Black was accused of a violation of the game laws in that he killed and was possessed of a wild deer out of the legal open season, a misdemeanor within the jurisdiction of a justice of the peace. He was tried before a justice and jury of the town of Middlefield, convicted, and sentenced to pay a fine of

seventy-five dollars, or, in the alternative, be imprisoned in county jail. The fine was paid under protest and an appeal taken to this court, alleged errors involving the facts, merits and interpretation of law being assigned for review.

The record convinces us that appellant was fairly tried; his rights were well cared for, and he was represented by able counsel. Slight errors that crept in are such as are common with laymen justices, but we find none substantially prejudicial, and the law's injunction that such must be disregarded will be followed.

No one may doubt Black's guilt upon the record presented, and in affirming the conviction we would not be disposed to express any opinion except for one consideration most earnestly advanced, which, if sound, would require reversal.

Appellant seriously urges that the judgment is void for the reason that the People's case was prosecuted in all its incidents by an inspector of the Conservation Department, a person concededly not licensed to practice as an attorney in the courts of this State.

This vital point, if well taken, is fraught with far-reaching import, requiring radical departure from the long-established practice of presentation of minor criminal cases before justices of the peace by Conservation Department inspectors, State troopers and other public officers as an incident to the discharge of their duties. It calls for study, analysis and early solution. Because of conflicting views, it is to be hoped that the decision here reached may receive authoritative review.

Section 271 of the Penal Law, as amended in 1933 (Laws of 1933, chap. 50), provides: "A person shall not ask or receive, directly or indirectly, compensation for appearing as attorney in a court or before any magistrate or make it a business to practice as an attorney in a court or before a magistrate unless he has been regularly admitted to practice, as an attorney or counselor, in the courts of record of the state, but nothing in this act shall be held to apply to officers of societies for the prevention of cruelty, duly appointed, when exercising the special powers conferred upon such corporations under article six of the membership corporations law."

The amendment of 1933 enlarged the field of the tribunals before which the " practice of law," etc., must be carried on by attorneys to include " any magistrate." The restriction was limited formerly to courts of record and magistrates in cities. A justice of the peace is a " magistrate." (Code Crim. Proc. § 147.) It is upon this statutory change, in connection with certain court decisions, that appellant relies.

The only decided case bearing upon the precise question before us is the " raccoon case " in Delaware county (*People* v. *James*,

150 Misc. 390.) Upon that appeal the court, in reversing the conviction, held, among other things, that the judgment was void for the reason that James had been prosecuted upon his trial before a justice of the peace (a " magistrate ") by a game law inspector, a person concededly not admitted to the practice of law. Ordinarily such a determination is adopted by a co-ordinate court of similar jurisdiction, but upon review and analysis of the *James* case it becomes most apparent that the reversal was upon the merits of the facts presented, misconduct by the justice upon the trial, and the absence of any criminal intent, and the excursion into a discussion of section 271 of the Penal Law, therefore, was gratuitous and wholly unnecessary to support the decision. We consider the pronouncement *obiter dictum*, and recognize no requirement to follow or support it.

Like consideration must be given the Broome county case of *People* v. *Wood* (151 Misc. 66), where the case was prosecuted by the sheriff of that county. The decision rested primarily upon errors other than unauthorized prosecution, and we do not feel bound to follow the interpretation that the court gave this Penal Law provision, the same being casual and, again, *obiter.*

On the other hand, on the present appeal (where in our opinion the merits conclusively support the verdict and judgment) a direct interpretation of this questioned statute is required. The judgment stands or falls upon the right of the inspector to appear in prosecution.

Section 271 of the Penal Law follows section 270 under article 24 (entitled "Attorneys ") and is supplemented by section 272, which provides penalties for violation. The clear and only permissible intent of the Legislature was to protect the general public from exploitation at the hands of unscrupulous or unskilled persons posing as lawyers, or unauthorized persons demanding or receiving compensation for purely legal service. The protection of the legal profession could not have been attempted, and, if attempted or intended, is clearly invalid. Penal statutes may not be enacted for the protection or furtherance of the interests of any particular class or special group. The legal profession does not require and should resent any such artificial aid.

We cannot divorce section 271 from section 270. They must be read together. The latter section (not amended in 1933) contains a positive and proper prohibition for " any natural person to practice or appear as an attorney-at-law * * * for another in a *court of record* * * * without having first been duly and regularly licensed to practice law in the *courts of record* in this state."

Section 271, as amended in 1933, prohibits one holding himself out as an attorney, making a " business " of it, or asking for or receiving compensation for such service, and the 1933 change extended the field to include Justices' Courts. This must have been in the interest of poor litigants, who are all too frequently victimized by various types of " collectors," etc. Their protection was sought — and, we hope, secured.

The inspector who prosecuted this case, however, was an employee of this State. He was not hired to practice law; it was not his " business; " his acts were merely casual and incidental; he received no compensation " directly or indirectly " for what he did. It was merely a part of the " day's work " so far as he was concerned. He never represented himself to be a lawyer. His employer, the State, does not and cannot be heard to complain of his acts. None of the intendments of the Legislature have been violated in sound substance. ·

Who was hurt? Can the defendant, appellant, complain because he was not prosecuted by a more experienced and skilled person? Going before a *layman justice* may he be heard on the mere ground that the case against him was presented by another layman, when he was ably represented by an admitted attorney of high standing?

We do not believe that the Legislature of this State sought to bring about so absurd a situation as is here presented. If it were intended that every time a rabbit be snared or a frog speared after dark that the heavy artillery of the offices of the Attorney-General or the district attorney be wheeled into action, then the said Legislature was flying in the face of common sense and upsetting a century old institution. So long as Public Service Commissioners and referees in compensation may be laymen and listen to laymen in the highly important cases before them, it is quite too early to require that in the simple cases coming before laymen justices admitted attorneys must appear.

The appellant's contention leads to an absurdity, in our opinion. Although the law is plain upon its face, a literal interpretation is manifestly unconscionable.

Although the statute be constitutional and clear in its phrasing, there is ample support for our belief that it is unenforcible. Room is given us to interpret a statute when " giving a literal interpretation to the words will lead to such unreasonable, unjust or absurd consequences as to compel a conviction that they could not have been intended by the legislature." (25 Ruling Case Law, § 214, p. 959; *Matter of Meyer*, 209 N. Y. 386.)

In our opinion this statute produces such a result, and is invalid and ineffective so far as it would seem to prohibit State-appointed

or other public officers in casual prosecution of cases coming within their field of service. We cannot believe that the Legislature meant this situation to arise. Whether or not it be their duty, district attorneys in rural counties, usually without assistance, cannot be called upon to prosecute these petty cases, and certainly the State Attorney-General could not have been contemplated as a necessary prosecutor.

Another and most serious consideration is that subsequent to the *James* case decision there has been a cessation of prosecuting endeavor on the part of inspectors and game wardens. Under such a determination they are properly fearful of prosecution at the hands of accused violators and are reluctant to incur the incident hazard. Also, district attorneys in the sparsely populated sections are not able to go forward with these small prosecutions and the Attorney-General has not sufficient staff. Literal interpretation retards enforcement and leads to disregard of the game laws.

In making this decision we seek not to overturn the Legislature's action but merely to clarify and ascertain its real intent. Manifestly it sought to produce protection of individual citizens and not to obstruct or prevent public officers in carrying out their duties.

The judgment of conviction is affirmed on the grounds that

1. The merits of the facts produced justify the verdict;

2. The sentence was not excessive;

3. The prosecution was properly carried out by Inspector Underhill and not in violation of sections 270 and 271 of the Penal Law.

The district attorney may present an appropriate order of affirmance.