Paul Caltagirone, Esq. Assistant County Attorney, Dutchess County
Based upon your letter and a telephone conversation with this office, you ask several questions in relation to the approval and presentation in family court of a juvenile delinquency petition by a county attorney under Family Court Act, §§ 254 and 734-a:
 1) Should a county attorney approve a cross-petition of juvenile delinquency, legally sufficient on its face, filed by the respondent in the main petition against the original petitioner, based on the same incident, prior to the adjudication of the main petition where he has appeared in family court in support of the main petition under Family Court Act, § 254 and, if so, is he precluded by a conflict of interest from presenting the case in support of that cross-petition?
 2) If the county attorney is so precluded, who is responsible for presenting the case in support of the cross-petition and in what manner shall that person be compensated?
Family Court Act, § 734-a(a) provides, with certain exceptions not relevant to this opinion, that no juvenile delinquency petition may be filed with the family court unless such petition has been approved by the county attorney. We understand that the cross-petition in question, which you state is legally sufficient on its face, was submitted for your approval under section 734-a over thirty days ago and has been neither approved nor disapproved as of this date. Family Court Act, § 734-a(d) provides that "any" petition which has not been approved, or formally disapproved under subparagraph (c), within thirty days after it is submitted to the county attorney for approval, "shall be deemed approved". In view of this provision, we believe that the cross-petition is now deemed approved by operation of law and must be filed with the Court at this time. Even assuming that the expiration of the thirty-day period presents no bar to your consideration of the cross-petition at this time, nevertheless, we do not think that section 734-a authorizes disapproval of a petition, legally sufficient on its face, due to the pendency of a related juvenile delinquency proceeding. Each petition represents an individual case and should be judged as to its legal sufficiency by your office on its merits alone. (See, Family Court Act, § 734-a[c].)
Having concluded that the cross-petition has been or should be approved, we next consider whether your office is precluded by a conflict of interest from presenting the case in support of that petition where your office is already involved in the presentation of the main petition. You suggest that this conflict would arise from your having to prosecute both individuals after having established an attorney/client relationship with the original petitioner.
The relationship between a county attorney and a petitioner differs from the relationship between an attorney and a client in ordinary civil litigation. The county attorney's primary responsibility is not to represent the petitioner, but to seek justice as a prosecuting authority and public official in proceedings that are at least quasi-criminal in nature. (See, Matter of Barry M., 93 Misc.2d 882 [Fam Ct, Queens Co, 1978]; Practice Commentary to Family Court Act, § 254, p. 186.) This is borne out by the 1970 amendment to Family Court Act, § 254(a) (L 1970, ch 962), which relieved the county attorney of any attorney/client relationship with the petitioner that may have existed (Practice Commentary, supra). To that extent, then, the county attorney is free from the professional and ethical constraints that preclude the usual advocate from representing clients with conflicting interests. (See, e.g., Code of Professional Responsibility, Ethical Considerations 5-14, 5-15 [McKinney's, 1975; Practice Commentary, supra].) We believe, therefore, that your office would be no more precluded by a conflict of interest from presenting both cases in family court than a district attorney would be from prosecuting two or more defendants for separate crimes arising out of the same incident.
The appointment of your office under Family Court Act, § 254 to present the case in support of the cross-petition is a discretionary power of the court which is to be exercised when in the opinion of the court such presentation "will serve the purposes of the act" (Family Court Act, § 254[a]; 1976 Op Atty Gen [Inf] 210). With respect to juvenile delinquency proceedings, that purpose is to "provide a due process of law (a) for considering a claim that a person is a juvenile delinquent * * * and (b) for devising an appropriate order of disposition for any person adjudged a juvenile delinquent" (Family Court Act, § 711). Whether or not the presentation of both cases by your office will serve the purposes of the statute is, of course, a matter to be determined by the court, and it is not the function of this office to review or speculate concerning the validity of that determination. What we have concluded here, however, is that your office is not precluded by a conflict of interest from presenting both cases, if requested to do so by the court. In this situation, the court should, however, be apprised of all the circumstances before it makes such a request.
The absence of any legal barrier to presenting two possibly conflicting cases does not mean that such a course of action is necessarily desirable. That determination is dependent on all the circumstances. As a practical matter, we believe that there are several measures which can be taken by the court to minimize or even avoid any potential problems. First, if the court desires the assistance of your office in both cases, it can adjudicate each of these claims in a separate proceeding in order to minimize any risks of confusion or prejudice. Second, the court simply may choose not to request your office to present the case in support of the cross-petition. In the latter instance, the court may handle that case without the assistance of an attorney (Family Court Act, §254[a]; Practice Commentary, supra; 1962 Op Atty Gen [Inf] 74, 76) and apparently may also request, but not compel, the district attorney to present the case under County Law, § 700(1) (1962 Op Atty Gen [Inf] 74, 77; 1963 Op Atty Gen [Inf] 67, 70). If the district attorney agrees to present the case in support of the cross-petition, his compensation would be a county charge, since the performing of services of this nature in family court would be a part of his official duties (County Law, §§ 201, 203, 205, 700).* Except in these instances, we know of no authority for the appointment of a special prosecutor to handle a matter of this nature.
Our conclusions are as follows:
 (a) A juvenile delinquency petition is deemed approved by operation of law if it is neither approved nor disapproved within thirty days after it is submitted to a county attorney for approval.
 (b) A county attorney has no authority to disapprove a juvenile delinquency petition, legally sufficient on its face, due to the pendency of a related delinquency proceeding.
 (c) A county attorney may present both a petition and a cross-petition of juvenile delinquency, based on the same incident, in one proceeding, if the Family Court judge finds that such presentation will serve the purposes of the Family Court Act.
 (d) There is no authority for the appointment of a special prosecutor to present the case in support of such cross-petition, although the family court may request the district attorney to make such presentation.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* There is also some suggestion that the court may permit a police officer to present the case if the district attorney chooses not to do so (1962 Op Atty Gen [Inf] 74, 77, citing People v Black, 156 Misc. 516 [Cty Ct, Otsego Co, 1935] People ex rel. Brucknew v Wyneer, 207 Misc. 673 [Cty Ct, Westchester Co, 1955]), or the petitioner or the petitioner's private attorney (Practice Commentary, supra, pp 186, 187); however, the soundness of these authorities is questionable in view of the recent case of Matter of Kenneth J, 102 Misc.2d 415 (Fam Ct, Richmond Co, 1980), in which it was held that the Corporation Counsel, County Attorney and District Attorney are the "counsel presenting the petition" in a juvenile delinquency proceeding.