State *vs.* James McCann, appellant.

Penobscot. Decided May 31, 1877.

*Intoxicating Liquors.*

R. S., c. 80, relating to sheriffs, coroners and constables, provides in § 52: "No officer aforesaid shall appear before any court or justice of the peace as attorney or advising any party in a suit, or draw any writ, plaint, declaration, citation, process or plea for any other person; and all such acts done by either of them shall be void." *Held*, that this section refers exclusively to civil proceedings, and does not prohibit sheriffs and deputies from drawing complaints under c. 62, § 2, of the acts of 1872.

ON EXCEPTIONS.

SEARCH AND SEIZURE.

The respondent was tried upon his appeal, and the jury found a verdict of guilty.

It appeared in evidence upon the trial that the complaint and warrant were drawn by Erastus B. Thomas, who was at the time deputy sheriff for the county of Penobscot, said complaint and warrant being drawn by him. for, and the complaint signed and sworn to by, Danforth L. Clark, as complainant.

The warrant was served by another deputy sheriff, to whom Thomas acted as aid in making the search under the warrant.

The respondent's attorney, upon this evidence, requested the presiding judge to rule that the complaint and warrant were void, and that the respondent could not be convicted thereon. But the judge declined so to rule, and ruled the complaint and warrant so made to be sufficient in law, and valid. The verdict was guilty; and the defendant alleged exceptions.

*W. S. Clark* for the defendant.

The question is whether the complaint and warrant drawn by Thomas, a deputy sheriff, are void, by reason of R. S., c. 80, § 52, relating to sheriffs and deputies, as well as to coroners and constables. It reads:

"No officer aforesaid shall appear before any court or justice of the peace as attorney or advising any party in a suit, or draw any writ, plaint, declaration, citation, process or plea for any other person; and all such acts done by either of them shall be void."

"Plaint" is a special term and applies to the complaint in this case. "Process" applies to a complaint and warrant.

The scope of these words is not confined to civil cases. And the reason applies to criminal as well as civil proceedings. It is the business of officers in both classes to serve processes and not to inaugurate them.

*L. A. Emery,* attorney general, for the state.

Danforth L. Clark was not a party. The state was the party. Clark was no more a party in the eye of the law than was Thomas himself.

If Thomas had signed the complaint, there could have been no question; but no matter who signed it, it was a process in behalf of the state.

By the statute of 1872; Thomas as deputy sheriff was especially charged with the duty of initiating these prosecutions. He was to make complaints where he knew the facts, and to get others to sign the complaints where others knew the facts.

He, Thomas, prepared the complaints in the line of his duty. To prohibit him is to nullify the enforcement law.

The statute of prohibition only refers to civil processes.

APPLETON, C. J. Chapter eightieth of the revised statutes relates to sheriffs, coroners and constables and to their duties.

Section 52 refers exclusively to civil proceedings. The object was to prevent officers of either of the classes mentioned acting as attorneys or advising in any suit or drawing writs, &c., for any other person. But a complaint for a criminal offense is not a suit within the meaning of this section. Criminal proceedings are in the name of the state, not of the party complaining. The complaint is in behalf of the state, not of the complainant. It is by the complainant, not for the complainant. The process issues in the name of the state, not "of any other person." The fine or forfeiture, if there be one, enures to the state, not to the complainant. The judgment is for the state, not for the complainant or "for any other person."

The language of the section relates to civil proceedings. The word "writ" has application to civil proceedings. "Plaint (Fr. *plainte*, Lat. *querela*) is the exhibiting any action, real or personal, in writing; and the party making it is called the plaintiff." Jac. Law Dict. The term declaration is applicable only to civil procedure. Citation is a summons to appear, applied particularly to process in the spiritual court, but adopted in civil procedure from the canon and civil law. "Process" is so called because it proceeds or goes out upon former matter, either original or judicial." Jac. Law Dic. It assumes former matter. The process may be criminal where the "former matter," whence it proceeds or goes out, is criminal. But in the section under consideration there is no reference to any criminal procedure. The words preceding and following have no relation to anything criminal. Its meaning must be determined by the context. *Noscitur*

*a sociis.* The other words refer to civil procedure and so must this.

A complaint under the liquor law is not a suit "for any party," nor a plea "for any other person." No words exclusively applicable to criminal procedure, as complaint, warrant or indictment, are to be found in this section. Nor does the reason for its passage apply to proceedings in behalf of the state. Anybody may draw a writ, but criminal process issues under judicial discretion and by judicial magistrates. It is judicial action for the state, not civil process for "any party" or "any other person."

It is not readily conceived how writing a complaint for a violation of law, which another is to sign and to the truth of which he is to make oath, or inserting the appropriate names in the blank form of a warrant or writing it out, ready for the signature of the magistrate, can be regarded as a violation of the statute.

Officers are specially enjoined by the act of 1872, c. 62, § 2, to see the law enforced, to institute proceedings against offenders, to enter complaints against them, and to inform prosecuting officers of alleged offenses. What was done in the present instance would seem to be much more in accordance with their duty than in violation of law.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.

DICKERSON, J., dissenting. R. S., c. 80, § 52, prohibits sheriffs and deputy sheriffs from "drawing any writ, plaint, declaration, process or plea for any other person." The word "process" is applicable to both criminal and civil proceedings. "Process," says Jacobs in his Law Dictionary, defining that word, "is largely taken for all the proceedings in any action, real or personal, civil or criminal, from the beginning to the end." "In criminal cases," says Bouvier, 2 Law Dic. 387, "that proceeding which is called a warrant before the finding of a bill is termed process."

The act of the deputy sheriff in drawing the complaint obviously comes within the purview of § 52, c. 80, R. S., and must be held to render them void, unless it can be sustained under the enforcement act of 1872, c. 62, §§ 1 and 2, which

makes it the duty of sheriffs and their deputies to institute legal proceedings against violations or supposed violations of law, and particularly against the illegal sale of intoxicating liquors, and certain other laws, in the following manner, to wit: "Either by promptly entering a complaint before a magistrate competent to examine, or try the offense charged, and execute such warrants, as may be issued on such complaints, or by furnishing the county attorney without delay with the names of alleged offenders and of the witnesses."

The acts complained of do not come within either of the modes of "instituting legal proceedings," designated by the statute. The complaint having been signed and sworn to, must be regarded as the complaint of the person who performed these acts, and not as the complaint of the party who drew it. It is not the drawing, but the signing and swearing to the instrument that fixes its paternity. The person who signs and swears to the complaint, in contemplation of law, is the person who "enters" it; and the enforcement act authorizes deputy sheriffs to "enter" complaints, not to draw them to be "entered" by another, as was done in this case. Besides, that act only authorizes officers to "enter complaints;" it gives them no authority whatever to draw warrants, which the officer in this case undertook to do.

If the legislature had intended to remove the disabilities imposed upon sheriffs and their deputies by § 52 of c. 80, R. S., in criminal cases, it would have done so in express terms. It did not do so; and I think that the language it used does not warrant the legal implication of such intention, and that the entry should be, exceptions sustained.

Barrows and Libbey, JJ., concurred in this dissenting opinion.