Sullivan, }
Dec., 1898. }

### STATE v. HOWARD.

### STATE v. JAMESON.

Any person may be complainant in a prosecution under *s.* 8, *c.* 60, Laws 1891, for owning or keeping a dog without a license.

APPEALS, from judgments of a justice of the peace against the defendants for violating section 8, chapter 60, Laws 1891. The complaints were made and prosecuted by one Forehand, who was not a police officer or constable. The defendants' motions to dismiss the appeals for this reason were denied, subject to exception.

*Ira Colby,* for the state.

*George R. Brown,* for the defendants.

CHASE, J. The owners or keepers of dogs three months old, or over, are required to cause them to be registered, numbered, and described in the office of the clerk of the town or city in which they are kept, on or before the 30th day of April in each year, and to take out licenses for them and pay certain fees therefor. Laws 1891, *c.* 60, *ss.* 1, 2, 3. The fees are set apart to pay the damages arising from injuries to domestic animals caused by dogs. *Ib., s.* 16. A person suffering damages may have resort to the money arising from these fees for compensation, or to an action of tort against the owner of the dog to recover double the amount of the damages. *Ib., ss.* 14, 17. Whoever keeps a dog in

violation of the provisions of the chapter "shall forfeit fifteen dollars, five dollars of which shall be paid to the complainant, and ten dollars to the treasurer of the city or town in which the dog is kept." *Ib.*, s. 8. The mayor of each city and the selectmen of each town are required to issue a warrant to one or more police officers or constables within ten days from the first day of May in each year, directing them to kill unlicensed dogs, "and to enter complaint against the owners or keepers thereof." *Ib.*, s. 11. It is also provided that "any person may, and every police officer and constable shall, kill or cause to be killed all such dogs, whenever and wherever found." *Ib.* The officers to whom warrants have been issued are required to make return of their doings on or before the first day of July, and to state, among other things, "whether complaints have been entered against all the persons who have failed to comply with" the provisions of the law. *Ib.*, s. 12. The mayors of cities and the chairmen of the boards of selectmen of towns are required to report to the county solicitor, within ten days from the first day of July, whether the warrants have been duly issued, executed, and returned; and the solicitor is required to prosecute officers who have failed to perform the prescribed duties, — heavy penalties being attached to such failures. *Ib.*, ss. 13, 22.

The manifest object of this law was to oblige the owners and keepers of dogs to pay the damages caused by them. The license, together with the registry, numbering, and description of the dog, identifies him and indisputably fixes the responsibility for his acts. It also provides a fund for paying damages in certain cases. It is an important agency for attaining the object in view. Several measures are provided for insuring the procurement of a license with its incidents: (1) Those who do not procure a license are liable to a fine; (2) any person may, and police officers or constables shall, kill unlicensed dogs whenever and wherever found; (3) warrants are issued to certain officers especially directing them to kill such dogs, and enter complaints against their owners; (4) officers failing to perform the prescribed duties are liable to a fine; and (5) the county solicitor is required to prosecute delinquents. The defendants' motions were based on the idea that the imposition of the duty to enter complaints upon certain police officers or constables excluded other persons from being complainants. It is the general policy of the law that any person who has probable cause for believing that another has committed a crime shall be at liberty to make complaint against the offender. The object of the statute, the importance of licenses as means of attaining the object, and the number and character of the measures adopted to insure the procurement of licenses, all tend to show that the legislature did not intend to make the offences created by the law exceptions to the gen-

eral rule on this subject. It is apparent that, on the other hand, they intended to increase the agencies for setting the criminal law in motion. Any person may make a complaint under section 8, or kill an unlicensed dog under section 11, but it is the special duty of the officers to whom warrants have been issued to do both. An inducement is held out to unofficial persons to make complaints by giving them a part of the fines imposed, and the direction to officers to do so is enforced by subjecting them to liability to fines if they fail.

*Exception overruled.*

BLODGETT, C. J., did not sit: the others concurred.