Nashua Municipal Court,
No. 4235.

STATE *v.* CYRUS URBAN.

Argued November 3, 1953.

Decided November 30, 1953.

*Louis C. Wyman*, Attorney General, *Arthur E. Bean, Jr.* and *Elmer T. Bourque,* Law Assistant *(Mr. Bean* orally), for the State.

*Stanley C. Urban* (by brief and orally), for the defendant.

KENISON, C. J.    The single issue in this controversy is whether the prosecution for a misdemeanor in a municipal court by a chief of police or a police officer is prohibited by the statute law of this state.   The defendant claims that such a prosecution is forbidden by R. L., *c.* 380, *s.* 23, which reads as follows:   "23.  NOT TO BE ATTORNEY.   No sheriff or deputy sheriff, police officer, constable or city marshal shall be suffered to appear in any court or before a justice as attorney for any party in a suit."

This statute (s. 23) is of ancient vintage having been first enacted February 8, 1791, during the first constitutional period of the state and at that time was limited to sheriffs and deputy sheriffs. Laws 1792 ed. *p.* 145; 5 N. H. Laws, *c.* 44, *pp.* 608, 610.   It has continued in substantially the same language without change except that it now includes police and other specified officers.   Whether this statute was intended to preclude police officers from prosecuting criminal cases in municipal courts has never been decided but there are dicta indicating the contrary.   In *State* v. *Stearns,* 31 N. H. 106, 110, 111, there was a prosecution by the city marshal of Portsmouth for keeping a bowling alley without a license and the court

stated, "It is prosecuted by a public officer, as part of his official duty, but might be prosecuted by any other person as well." The chief of police of the city of Manchester has been described as " . . . not merely a peace officer—he is also a prosecuting officer." *Goodell* v. *Woodbury*, 71 N. H. 378, 380. In that case it was stated that the "obligation thus imposed on him [by the city ordinance] to enforce the laws of the state within the city is both peremptory and plainly defined." There is no indication in the opinion that the ordinance was considered contrary to the statute law of the state.

R. L., c. 380, s. 24, which was enacted at the same time as section 23 and originally was a part of it, provides that "any . . . complaint and warrant . . . made by a . . . police officer . . . for another person shall be void." That statute was not construed literally and it was held that one police officer could make out a complaint and warrant for signing by a fellow police officer. In such a case it was concluded that the police officer was not rendering a personal service to "another person" but was officially performing a service to the State as represented by the municipality charged with the enforcement of law and order. *State* v. *Boiselle*, 83 N. H. 339, 340.

Maine has a statute which provides that no sheriff shall appear before any court as attorney and it was held that the reason for the passage of the statute did not apply to proceedings in behalf of the State. Criminal process "is judicial action for the state, not civil process for 'any party' or 'any other person.'" *State* v. *McCann*, 67 Me. 372, 375. Similar statutes exist in Massachusetts and Vermont but we do not find that they have been construed to preclude police officers from enforcing the law by the prosecution of criminal cases involving misdemeanors. At least in this jurisdiction and in New England the statutes prohibiting police officers from appearing as attorneys in court have been aimed primarily at civil proceedings. *Edgerly* v. *Hale*, 71 N. H. 138, 144, 145; *Sawyer* v. *Wood*, 59 N. H. 347; *Osgood* v. *Norris*, 21 N. H. 435, 437. In view of the history of R. L., c. 380, s. 23, the decision in *State* v. *Boiselle*, 83 N. H. 339, the reenactment of the statute in several statutory revisions without change, and the construction placed on similar statutes in other jurisdictions, we conclude that in prosecuting a misdemeanor in a municipal court a police officer is not acting "as attorney for any party in a suit" within the meaning of the statute. The State, as the embodiment of sovereignty (*State* v. *Kinne*, 41 N. H. 238, 240) can act only through its agents. It is not to be limi-

ted in any of its prerogatives by a statute which does not include it by express words. *D'Amours* v. *Hills,* 96 N. H. 498, 499. In prosecuting the defendant the chief of police acted solely in behalf of the State. *State* v. *Boiselle, supra.* His action was not the kind which the statute was designed to prevent. *Sawyer* v. *Wood,* 59 N. H. 347; *Edgerly* v. *Hale, supra,* 144.

Some indication that the Legislature did not intend to restrict constables and police officers in the prosecution of misdemeanors may be obtained from various statutes which expressly require them to do so. A few examples taken at random from the Revised Laws will suffice. R. L., c. 445, s. 14, places a "duty" on such officers "to prosecute violations of this chapter" relating to cruelty to animals. This statute has been in effect since 1870. R. L., c. 189, s. 22, enacted in 1931, declares that such officers "shall arrest and prosecute" violations of the itinerant vendors law. Since 1878 constables may "arrest and prosecute tramps in their respective cities and towns." R. L., c. 446, s. 6. "The law enforcing authorities of . . . any city or town, are authorized to prosecute any violations" of Laws 1943, c. 153, relating to safety to life in places of assembly. See also, R. L., c. 137, s. 48.

Since the prosecution in this case was not in violation of R. L., c. 380, s. 23, the denial of the defendant's motion to dismiss was correct, and the order is

*Exception overruled.*

All concurred.