Grafton,
No. 5750.

STATE

*v.*

RODERICK E. SANTY ( MITCHELL ).

Argued May 7, 1968.
Decided May 29, 1968.

*George S. Pappagianis,* Attorney General and *Henry F. Spaloss,* Assistant Attorney General ( *Mr. Spaloss* orally ), for the State.

*Mack M. Mussman* ( by brief and orally ), for the defendant.

KENISON, C. J. The defendant was found guilty by a jury of arson of a dwelling house. RSA 584:1. The defendant's motion for a directed verdict of not guilty was based on the undisputed fact that the selectmen of the town of Littleton, where the offense was committed, did not prosecute the case. RSA 584:9 provides that "It shall be the duty of mayors of cities and selectmen of towns to prosecute all offenses arising under this chapter." The chapter is entitled "Arson and Burning Property." The motion was denied and the defendant's exception thereto was reserved and transferred by *Leahy,* C. J.

RSA 584:9 was an addition to the laws relating to arson which was a part of Laws 1891, ch. 55. While the legislative history of the 1891 amendments is sparse and inconclusive, an examination of the bills introduced at that session and the resulting legislation indicate that certain definite objectives were intended to be accomplished. First, the emphasis was on the willful or careless burning of "any forest, woodlot . . . pasture, or fields." Laws 1891, *c.* 55, *s.* 1 which is now RSA 584:7 without substantial change. Secondly, a monetary reward was allowed for

informers who provided evidence which secured the conviction of persons who committed arson. Thirdly, the reward was to be paid by the State upon presentation of the "certificate of the attorney-general or solicitor [now county attorney] that he is entitled thereto." Laws 1891, *c.* 55, *s.* 2 which is now RSA 584:8 without substantial change. The fact that rewards were to be paid to those who inform "the prosecuting officers of the state" (Laws 1891, *c.* 55, *s.* 1; RSA 584:7) and then only when certified by the Attorney General or county attorney (Laws 1891, *c.* 55, *s.* 2; RSA 584:8) is significant. It leads to the conclusion that the Legislature did not intend that the duty of local prosecution as provided in RSA 584:9 was exclusive. Furthermore this construction of RSA 584:9, is consistent with the statutory directives to the Attorney General and the county attorneys. RSA 7:6, 11, 34. *Wyman* v. *Danais,* 101 N. H. 487.

There are innumerable examples in our statutes where enforcement duties are placed on specified local, county and State officials. See, *i.e.,* RSA 572:34. These provisions are valid (*State* v. *Urban,* 98 N. H. 346, 349) but they do not prevent or preclude the enforcement of the penal statutes by any authorized official. *State* v. *LaPalme,* 104 N. H. 97. See *State* v. *Swift,* 101 N. H. 340.

In the present case the offense was a major felony (RSA 584:1) in which the Attorney General and the county attorney were fully authorized and directed by statute to prosecute. RSA 7:6, 34; *State* v. *Ingalls,* 59 N. H. 88; *Fletcher* v. *Merrimack County,* 71 N. H. 96, 101. The denial of defendant's motion for a directed verdict of not guilty was proper.

*Exception overruled.*

All concurred.