Laconia District Court
No. 6965

STATE OF NEW HAMPSHIRE

v.

RAYMOND J. MORIN

October 31, 1974

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State.

*Peter Makris,* by brief and orally, for the defendant.

PER CURIAM. The question in this case is whether the trial judge abused his discretion in ordering on his own motion a continuance so that a then unavailable witness could be called after the State had rested its case. We hold that he did not.

Defendant was charged with operating a motor vehicle on April 16, 1973, while under the influence of intoxicating liquor, second offense, in violation of RSA 262-A:62. Trial was held on Friday, April 27, 1973. During the course of the trial, the police officer who was acting as prosecutor attempted to introduce, through the officer who was called to the scene of the accident, hearsay evidence that the defendant had been driving the vehicle. The objections of the defendant to this hearsay evidence were sustained. The State rested its case without having introduced evidence either that the defendant was driving or that he had been previously convicted. When the defendant moved to dismiss, the presiding justice inquired if there was available any further evi-

dence. On being informed by the officer that the witness who had seen the defendant operate the car was unavailable for trial that day but would be available the following Monday, April 30, 1973, the justice on his own motion ordered a continuance until that time. At the continued hearing, the witness was produced and evidence of defendant's operation and prior conviction was introduced. Defendant was found guilty and ordered to pay a fine of $500 and to serve thirty days in the house of correction, and his license was revoked for three years. Defendant's exceptions to the continuance and the introduction of the evidence at the continued hearing were transferred by *Snierson*, J.

It is well settled that the trial judge may in his discretion grant continuances and allow the State to reopen its case to supply fatal deficiencies in its evidence. *State v. Comparone,* 110 N.H. 398, 269 A.2d 131 (1970); *State v. Petkus,* 110 N.H. 394, 269 A.2d 123 (1970). *See also* Uniform Rules of the District and Municipal Courts, Rule D, Section 2, and RSA 596-A:4 (Supp. 1973). Defendant does not dispute this right but rather claims that in this case the presiding justice abused his discretion in acting on his own rather than on a request from the prosecution and in continuing the case over the weekend. While the judge's discretionary authority should be used sparingly, we are unable to say that under the facts of this case he abused his discretion in granting a continuance. Neither do we find the length of the continuance to be unreasonable under the circumstances.

*Exceptions overruled.*

GRIFFITH, J., dissented; the others concurred.

GRIFFITH, J., dissenting: The defendant was entitled to have his motion to dismiss granted since according to the reserved case there was no evidence before the court that he had committed the crime charged. Instead the court interrogated the prosecuting officer and as a result ordered the case reopened and continued for over the weekend until the witness the court had now learned of, would be available. In my opinion the unsolicited intervention by the court after

the prosecution had rested, designed to generate evidence which would permit a conviction, was impermissible. "[T]he judge was exhibiting a prosecutor's zeal, inconsistent with that detachment and aloofness which courts have again and again demanded, particularly in criminal trials. Despite every allowance he must not take on the role of partisan; he must not enter the lists . . . . Prosecution and justice are two quite separate functions in the administration of justice; they must not merge." *United States v. Marzano,* 149 F.2d 923, 926 (2d Cir. 1945) (Learned Hand, J.); *Billeci v. United States,* 184 F.2d 394 (D.C. Cir 1950); *Hunter v. United States,* 62 F.2d 217 (5th Cir. 1932).

Transcending the immediate result in this case is the possibility that it will be construed as diminishing the responsibility and independence of district courts. The importance of responsible and independent district courts can hardly be overemphasized since they are the only form of justice encountered by most of our citizens. In criminal cases district courts are not "police courts"; they stand between the State and the defendant and not as partisans of either the State or the defendant. N.H. Court Accreditation Comm'n, Report on the Accreditation of Court Facilities (1973). Their independence is compromised when they assist in the preparation or presentation of the prosecution's case, either *ex parte* or in court. ABA Minimum Standards for Criminal Justice, The Function of the Trial Judge § 6.4 (Approved Draft 1972); *restated* in ABA Minimum Standards for Criminal Justice, The Administration of Criminal Justice (1974).

It has often been said that justice must not only be done but appear to be done "[J]ustice must satisfy the appearance of justice." *Offutt v. United States,* 348 U.S. 11, 14 (1945) (Frankfurter, J.). The end does not justify the means in a criminal trial, and no person should be convicted by a procedure that would appear unjust to the ordinary person. I am persuaded that an ordinary person in the position of this defendant would feel that the combined prosecution by the prosecutor and the court was unjust. Accordingly, I dissent from the result and opinion of the majority which seals with approval the procedure in this case.