Merrimack
No. 6507

STATE OF NEW HAMPSHIRE

v.

LEONARD MERSKI

February 28, 1975

*Warren B. Rudman,* attorney general, and *Richard V. Wiebusch,* attorney *(Mr. Wiebusch* orally), for the State.

*Leonard J. Merski,* by brief and orally, pro se.

PER CURIAM.    Two questions arise from a complaint charging a breach of a city ordinance that prohibits dogs from running at large within the city of Concord, New Hampshire. The first issue is whether the discretion given to the chief of police to issue complaints invalidates the ordinance as an unlawful delegation of authority. The second issue is whether an action for violating the ordinance may be brought by a private citizen when the ordinance authorizes the chief of police to issue such complaints.

This case proceeded on a private complaint filed in the Concord District Court. After a finding of guilt without imposition of a fine, the defendant appealed for a de novo hearing in superior court. A motion to quash was introduced in superior court, but since the legality of the ordinance was questioned, the court reserved and transferred this question without ruling (*Mullavey,* J.).

There is no record of testimony in either the Concord District Court or in superior court. For the purpose of this transfer, the allegations contained in the complaint are to be considered as true. The complaint states that Leonard Merski, on September 9, 1974, in and around 77 Mountain Road, in Concord, New Hampshire, committed the offense of allowing his dog to run at large in contravention of the municipality's ordinance. Concord, N.H., Ordinance *Control of Dogs* 10A.2 (1967).

This ordinance provides in part that "it shall be unlawful to permit any dog to run at large within the compact area of the city of Concord". *Id.* "Running at large" means "without the premises, residence or property of the owner and not under control of a responsible individual." *Id.* 10A.1 (c). Whoever violates the ordinance "shall be guilty of a misdemeanor and, upon conviction, . . . shall be punished by a fine of not more than five dollars ($5.00) for the first offense and by a fine of not more than ten dollars ($10.00) for each subsequent offense". *Id.* 10A.8. Enforcement of the ordinance, "shall be the responsibility of the Police Department of the City of Concord . . . (and the) . . . Chief of Police may at his discretion, issue complaints alleging violations of the ordinance". *Id.* 10A.7.

Defendant contends that the vesting of discretion in the chief of police to issue complaints is an unlawful delegation of legislative authority. We disagree. The city of Concord is authorized by RSA 466:39 and RSA 47:17 XI to enact the ordinance. The ordinance plainly describes the offense and defines what is meant

by running at large. The only discretion vested in the chief of police is whether or not to issue a particular complaint. This is no different than the general discretion which police officers have to consider all circumstances in determining whether to formally charge a person with a crime. There is no unlawful delegation of legislative authority.

It has long been recognized here that prosecutions may be instituted by private complaint. *State v. Howard,* 69 N.H. 507, 43 A. 592 (1898); *State v. Gratta,* 101 N.H. 87, 133 A.2d 482 (1957). *See also* F. Miller, Prosecution 327-34 (1969); 9 E. McQuillin, Municipal Corporations § 27.08 (3rd ed. rev. 1964, Supp. 1974). We find nothing in the language of the ordinance here in question which is inconsistent with this principle. *State v. Santy,* 109 N.H. 85, 242 A.2d 63 (1968).

*Exceptions overruled.*