Hampton District Court
No. 7126

## STATE OF NEW HAMPSHIRE

v.

### PHILIP G. ABERIZK

September 30, 1975

*Warren B. Rudman,* attorney general, and *Edward N. Damon,* attorney *(Mr. Damon* orally), for the State.

*Nadeau, Nadeau, Cullimore & Gray (Mr. William B. Cullimore* orally) for the defendant.

KENISON, C.J. This case arises from a prosecution for operating a motor vehicle while under the influence of intoxicating liquor in violation of RSA 262-A:62 (Supp. 1973). At trial the arresting officer took the oath and began to testify. The defendant objected to the procedure of permitting the arresting officer to act as both prosecutor and witness. The District Court, *McDermott,* J., transferred the objection without ruling.

The legislature has permitted and even directed police officers to prosecute minor criminal cases for more than a century. *State v. Urban,* 98 N.H. 346, 100 A.2d 897 (1953). The precise question at issue was decided adversely to the defendant's contention by *State v. LaPalme,* 104 N.H. 97, 179 A.2d 284 (1962), which held that police officers may testify in misdemeanor cases which they prosecute in

the district and municipal courts. *Cf. State v. Santy,* 109 N.H. 85, 242 A.2d 63 (1968). Only one decision of another jurisdiction has been found on this point. That case follows *LaPalme. State v. Messervy,* 258 S.C. 110, 187 S.E.2d 524 (1972).

The ABA Project on Standards for Criminal Justice has recently recommended: "The prosecution function should be performed by a public prosecutor who is a lawyer subject to the standards of professional conduct and discipline." ABA Standards, Prosecution Function § 2.1 (1971). The absence of an independent, professional prosecutor may reduce pretrial screening of charges, lead to greater involvement of the trial court in eliciting evidence, and restrict counsel's opportunity to object to the admission of evidence. *See State v. Morin,* 114 N.H. 708, 327 A.2d 702 (1974). Improvements in the challenged procedure is a desirable subject for legislative consideration in the framework of available time, education, and budgetary resources. But the existence of the possibilities just mentioned — in contrast to specific prejudicial events at trial — does not deprive the defendant of a fair trial. Because there is no palpable injury to the defendant, he is not denied the equal protection of the laws by the fact that other persons charged with the same crime are prosecuted by attorneys. As Chief Justice Burger wrote in *Palmer v. Thompson,* 403 U.S. 217, 228 (1971) (concurring opinion): "All that is good is not commanded by the Constitution and all that is bad is not forbidden by it."

The defendant relies on cases in which the witness was also a prosecuting *attorney. See* Annot., *Prosecuting Attorney as a Witness in Criminal Case,* 54 A.L.R.3d 100 (1973). Such cases were jury cases involving more complicated issues than those in the present case. In those cases, there is likely to be another attorney available to take over the prosecution so that the failure of the witness to step aside as prosecutor may cast doubt on his objectivity. In the present case, the witness-prosecutor followed a traditional procedure. In the cases relied upon, testimony by a prosecuting attorney was an extraordinary occurrence. Such novelty may make the prosecutor's evidence unduly dramatic and may have unpredictable and prejudicial effects on the trier of facts. These elements are not present here.

*Exception overruled; remanded.*

All concurred.