Tewarner DAILEY, Appellant,

v.

UNITED STATES of America,
Appellee.

Richard Patrick AHRENDES, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 8636, 8637.

United States Court of Appeals
Tenth Circuit.

Sept. 6, 1966.

Frank A. Caro, Wichita, Kan., for appellants.

Leroy V. Amen, Asst. U. S. Atty. (Robert N. Chaffin, U. S. Atty., with him on the brief), for appellee.

Before LEWIS and SETH, Circuit Judges, and LANGLEY, District Judge.

LANGLEY, District Judge.

The appellants, Tewarner Dailey and Richard Patrick Ahrendes, were convicted by a jury of uttering counterfeited federal reserve notes in violation of 18 U.S.C. § 472 and of conspiring to do so in violation of 18 U.S.C. § 371. Dailey was also convicted of possessing such notes contrary to the statute. Both have appealed, alleging the use of evidence and information obtained through unlawful arrest and search, and insufficiency of the evidence to support the verdicts. We have examined the record and find appellants' contentions to be wholly without merit in all particulars.

Late in the day on August 18, 1965, Dailey and Ahrendes entered a pipe shop in the Gladstone Hotel, Casper, Wyoming, where Dailey purchased some tablets and paid for them with a $20.00 counterfeit bill. After the bill was reported, investigation by the police turned up three similar bills that had been recently passed in and around Casper, one of them at the Virginia Bar, another at the Avalon Club, and the third at a cafe. Ahrendes was arrested that same

evening when he was seen crossing the street from the Gladstone Hotel by the owner of the pipe shop and identified as having been with Dailey when the counterfeit bill was passed there. Nothing was found on Ahrendes except papers establishing his identity, but later he was identified by the bartender at the Avalon Club as the person who passed a counterfeit bill to him. Still later that night, Dailey was arrested when he answered the knock of a police officer on the door of his room at the Gladstone Hotel and was identified immediately by the pipe shop owner and by the bartender at the Virginia Bar, who had accompanied the officer, as the man who had passed the counterfeit bills at those places. Promptly after his arrest Dailey's hotel room was searched by the officer and fifteen counterfeit $20.00 bills were found.

■ The arrests were unquestionably based on probable cause and legal without warrants. A crime had been committed, the officers knew it, and the appellants were identified as the persons who had committed it by individuals in a position to know. Further, in each instance there was no opportunity after identification to obtain a warrant before it was necessary, under any reasonable view of good law enforcement practices, to make the arrest. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

■ The only search that produced evidence used at the trial was the search of Dailey's hotel room, which was clearly made as an incident of his arrest for passing counterfeit money. It is too well established to warrant discussion that a search in these circumstances is valid and that the counterfeit bills found in the room were admissible in evidence. Massey v. United States, 10 Cir., 358 F.2d 782 (1966).

■ The evidence admitted at the trial was competent, and clearly sufficient to support the verdict.

Affirmed.