**Fifi BELONDON, Appellant (Defendant below),**

v.

**CITY OF CASPER, Appellee (Plaintiff below).**

**Nos. 3725–3727.**

Supreme Court of Wyoming.

June 27, 1969.

Rehearing Denied Sept. 29, 1969.

Raymond B. Whitaker, Charles S. Aspinwall, Casper, for appellant.

Jack D. Emery, City Atty., Casper, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

McINTYRE, Justice.

Fifi Belondon was convicted in municipal court of three separate offenses involving the violation of city ordinances of Casper. She appealed each conviction to the district court of Natrona County, where on trial de novo she was again found guilty in each case and sentenced to 30 days in the city jail for each offense. Each conviction has been appealed to our court.

The first charge was for soliciting an act of prostitution on November 23, 1967; the second was for maintaining a house of prostitution on November 23, 1967. These two cases were consolidated on appeal to the district court and in our court. In the district court, the district judge tried the appeals without a jury. In the supreme court the first two cases are designated as Cases Nos. 3726 and 3727.

The third charge alleged defendant did on November 29, 1967, "keep, maintain or operate a place or building for the purpose of prostitution, lewdness or assignation." The appeal in that case was tried to a district court jury. In our court the third case is designated as Case No. 3725.

## Cases 3726 and 3727

We will deal first with the two earlier charges alleged to have been committed November 23, 1967—cases numbered 3726 and 3727. With respect to these cases, the points relied on for reversal are these:

1. There was insufficient evidence to convict defendant beyond a reasonable doubt of either offense.

2. The Court allowed evidence of the defendant's reputation when defendant did not testify.

3. The admission into evidence of a dresser, wash basin and other items with no search warrant or warrant for defendant's arrest.

4. The eavesdropping by the police officer, Dalgarno, on the defendant's conversation with her lawyer by telephone.

*Point 1.* Regarding appellant's claim of insufficient evidence for a conviction, her attorney argues only that the premises were owned and operated by Leo Weiss, who was present at the time of the alleged offenses; and there was no showing that defendant was in any way in control of the premises by lease, agreement or otherwise. No other challenge of the evidence is made and no case authority is cited.

Witnesses who went to the premises in question to obtain evidence for the police testified to being admitted by Miss Belondon; that she examined identifications; that she directed the appearance of other girls; that she had keys for and opened various locked doors and a dresser drawer; that she produced persons whom the police afterwards sought; that she had possession of the marked money which police witnesses had used; and that she posted bond for the other girls arrested at these premises. One witness testified unequivocally to a solicitation of an act of prostitution by Miss Belondon.

No testimony on behalf of the defendant was offered. In the absence of explanation or testimony to the contrary, the trier was entitled to believe defendant had solicited an act of prostitution; and that she was maintaining a house of prostitution at the time charged. The fact that Weiss owned the premises would not necessarily prove that Miss Belondon did not maintain a house of prostitution within the building thereon, whether alone or in conjunction with another.

The trier was, of course, the judge of the weight to be given to the evidence, and appellant has failed to show an absence of sufficient evidence for conviction.

*Point 2.* Appellant complains under this point that the trial court allowed evidence of the defendant's reputation when defendant did not testify. Counsel's only argument in support of the point is that there is no authority for testimony to be offered relative to a person's reputation without the person first testifying. No authority has been cited to support the argument.

The testimony objected to was testimony of a witness that defendant had a reputa-

tion of being a madam operating and maintaining a house of prostitution and that of a prostitute. The record shows such testimony was allowed by reason of § 6–92, W.S.1957, and similar provisions in a city ordinance of Casper, both of which are to the effect that in the trial of any person for maintaining or operating a place of prostitution:

"* * * testimony of a prior conviction, or testimony concerning the reputation of any place, structure, or building and of the person or persons who reside in or frequent the same and of the defendant shall be admissible in evidence in support of the charge."

■■ Appellant has not challenged the constitutionality or validity or applicability of either the ordinance or § 6–92. In the absence of any showing to that effect, we will not assume the ordinance or statute to be unconstitutional or void. Brinegar v. Clark, Wyo., 371 P.2d 62, 64. It follows, then, that there was legislative reason and authority for allowing the testimony concerning the reputation of defendant with respect to the matters covered.

■ *Point 3.* Appellant complains, in point 3, of the admission into evidence of a dresser, wash basin and other items because no search warrant had been obtained.

It is undisputed in the evidence that defendant had already been arrested on the two charges we are now considering, and the search and seizure complained of was incident to such arrest.

The principle that officers have the right to make such a search as was made in this case was recognized in the earlier case of Wiggin v. State, 28 Wyo. 480, 206 P. 373, 376. There Justice Blume stated:

"The law is well settled that an officer has the right to search the party arrested and take from his person and from his possession property reasonably believed to be connected with the crime * * *."

With respect to what is meant by "possession" in this connection, Justice Blume went on to say, 206 P. at 377, where property of evidentiary value is at a place to which lawful access has been obtained, the officer may upon the lawful arrest of defendant seize and take the property into his possession.

■ It is clear from the record in the instant case that the police were voluntarily admitted by defendant, and there is no claim they did not have lawful access to the rooms where the property was found.

The rule we have referred to from the Wiggin case is still good law in this jurisdiction. It has been followed quite recently in Dailey v. United States, 10 Cir., 365 F.2d 640, 641; and in Whiteley v. State, Wyo., 418 P.2d 164, 168.

Appellant's point 3 is without merit.

■ *Point 4.* In this point appellant complains of alleged eavesdropping by Captain Dalgarno of the police, on defendant's conversation with her lawyer by telephone.

The record simply does not bear out appellant's claim that such eavesdropping took place; and there is no suggestion or showing that the defendant was in any manner prejudiced or harmed in her defense. No law has been cited on this point and we do not feel there is any to discuss.

### Case 3725

In connection with the appeal in Case 3725, appellant has listed several points which are supposedly relied on for reversal. However, argument on her behalf leaves us believing there is very little for us to discuss. We did not understand that anything new or different was added in oral argument to what was stated in appellant's brief, and the entire argument made for appellant in her brief is this:

"This so-called proposal made by some person who remains anonymous and which so-called proposal occurred four rooms away from the presence of the defendant is a travesty of justice in that there is absolutely no connection of the defendant to the alleged offense.

"The City of Casper through its duly appointed officers swore on the one hand

that one Leo Weiss was keeping, operating and maintaining the premises and then swore that the defendant was. Someplace along the line they should be required to elect and this was called to the attention of the trial Court in defendant's motion to dismiss, which motion was denied.

"To say that a deaf juror, who was qualified by the State of Wyoming, accords the defendant a trial bv twelve impartial jurors is on the fact [face] of it, fallacious. As the Court is aware, jurors are qualified when they are empanelled and questions as to their ability to hear or see are determined before the defendant has a chance to question them. On the face of it, there is no rational way that you can ask a person whether he hears you or not and therefore this defendant has not been accorded a jury trial.

"Section 6–9 [6–90] Wyoming Statutes of 1967 [1957] defines assignation, but it should define the intelligence of this Court to advise the defendant whether or not she has been convicted of keeping, maintaining or operating a house of prostitution, or for lewdness or assignation. Certainly they are not the same thing.

"It is very difficult to answer a conviction of this kind because of the multiplicity of choices the jury had and the result is clouded by so many possibilities as to be beyond the capacity of this Court or any person to state exactly what crime or crimes have been committed."

Concerning Leo Weiss' connection with the premises in question, we have discussed that sufficiently under point 1 for Cases 3726 and 3727. As we stated there, Weiss' connection with the premises would not necessarily prove that Miss Belondon did not maintain a house of prostitution within the building on such premises, whether alone or in conjunction with another. The jury which rendered the verdict involved in this appeal (Case 3725) found from the evidence that she was guilty as charged.

Regarding the juror whom counsel for appellant refers to as a "deaf juror," the record shows that following the city's testimony the judge was told by the clerk and bailiff that juror McDaniel apparently was partly deaf. Thereupon, the judge took McDaniel and all counsel into his chambers and asked the juror how much he had heard and how much he had not heard. The juror said he had heard substantially all the testimony of the witnesses, the statements of counsel, and particularly, the words of the clerk of court, but that the judge mumbled and was difficult to hear.

There was no defense evidence, and the judge started to instruct the jury. During the reading of the first instruction the judge stopped and inquired whether McDaniel could hear him and he said he could. The judge also inquired whether McDaniel had heard what he had said so far. McDaniel answered in the affirmative. After all of the first instruction had been read, the judge asked juror McDaniel if it would be better for him to sit in some other seat. McDaniel answered, no.

■■ This state of the record and the vagueness of appellant's argument leave us convinced appellant has not shown she was prejudiced by McDaniel's presence on the jury. For reversal there must be prejudicial error, and the party appealing has the burden of showing such error. Robertson v. State Highway Commission, Wyo., 450 P.2d 1003, 1005.

■ Moreover, a trial judge has a wide discretion in ruling upon the qualification of jurors and his determination is not subject to review except upon a clear showing of abuse of such discretion. Lindsey v. State, 189 Tenn. 355, 225 S.W. 2d 533, 537, 15 A.L.R.2d 527; State v. Allison, 122 Mont. 120, 199 P.2d 279, 285–286; State v. McFall, 67 N.M. 260, 354 P. 2d 547, 549. See also Lee v. Swyden, Okl., 319 P.2d 1009, 1010, 1014.

The only additional matter argued for appellant in this case seems to relate to use of the word "or" in the charge against her. It is claimed the jury had a "multiplicity" of choices.

Our attention has not been called to any timely objections made to the form of the complaint. The kind of objections now made for defendant should have been made prior to her plea of not guilty, and certainly before a jury was impaneled. Defects in the complaint such as appellant now asserts, if they were in fact defects, are waived if not excepted to by proper motion or pleading prior to defendant's plea of not guilty. Section 7-188, W.S. 1957; Waxler v. State, 67 Wyo. 396, 224 P.2d 514, 517-518; State v. Hickenbottom, 63 Wyo. 41, 178 P.2d 119, 124-125.

Additionally, we recently reaffirmed in Shoemaker v. State, Wyo., 444 P.2d 309, 310 (where the charge was in the disjunctive), that a charge in the words of the statute is sufficient. Belondon was charged in the words of an ordinance.

We fail to find reversible error in connection with any of the matters called to our attention in Case No. 3725.

Case No. 3725, Case No. 3726 and Case No. 3727 are all affirmed.