OPINION OF THE COURT
John P. Collins, J.
The issues before the court are: (1) Does an attorney employed by the New York City Probation Department have legal authority — in Supreme Court — to conduct a probation revocation hearing and recommend a sentence and (2) In a Supreme Court proceeding can the District Attorney delegate such a power?
Pursuant to CPL 410.30, a declaration of delinquency has been filed against the defendant. On September 14, 1983, Johnson was sentenced to a term of five years’ probation. It is alleged that Johnson violated the conditions of his probation by reason of three subsequent arrests. Two of those cases were dismissed. The third resulted in a conviction — after trial by jury — of criminal possession of a weapon in the third degree. He has been arraigned on the violation and assigned counsel. Johnson entered a not guilty plea and awaits a hearing.
At the conclusion of the hearing the court must make a finding as to whether the defendant violated a condition of probation. If it finds that he has, the prior sentence of probation is vacated and Johnson must be sentenced. (See, CPL 410.70 [5].) The possible sentence range includes a definite sentence of up to one year in jail or an indeterminate sentence with a minimum of from one to three years and a maximum term of from 5 to 15 years.
*387 In previous times an Assistant District Attorney conducted these hearings and appeared at the resentence. At that time, he would usually make a sentence recommendation. Now by arrangement with the District Attorney or with his consent, he seeks to delegate this task to a lawyer employed by the counsel of the New York City Probation Department.
The defendant contends that the Department of Probation has no statutory right to enter revocation proceedings as a prosecutor and its statutorily mandated duties require it to perform a role — of supervision and guidance — which precludes it from assuming a prosecutorial function.
The Probation Department on the other hand maintains that: (1) it is an executive branch of the government, separate and distinct from the judicial branch; (2) probation revocation hearings are adversarial proceedings; (3) the Department has a vital interest in these proceedings; and (4) the Department attorneys have standing to act as advocates at these hearings.
The District Attorney — submits no papers — but formally supports the position of the Probation Department.
It is conceded that there is no statute which confers authority on a Probation Department attorney to conduct a revocation hearing and recommend sentence. The court is aware of only one case which deals with the issue. (See, People v Kaslov, 126 Misc 2d 1067.) There Judge Fried holds that a Probation Department attorney may prosecute a New York City Criminal Court probation violation hearing in the absence of the District Attorney.
County Law § 700 (1) promulgates the general duties of the District Attorney. It states in pertinent part: “It shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed”. That duty does not end when sentence has been imposed. In People v Wright (22 AD2d 754), the court held that this law requires the District Attorney to file a statement concerning an appeal taken by the defendant and to appear for argument on the appeal.
The court in deciding the issues here must first address the question of whether a probation revocation hearing is a criminal proceeding.
The Probation Department contends that it is not and relies on the case of Gagnon v Scarpelli (411 US 778). This court holds that the Probation Department’s reliance on Gagnon is misplaced. The Supreme Court, referring to an earlier decision, Morrissey v Brewer (408 US 471), teaches us that parole arises *388 after the imposition of sentence and after a criminal prosecution has ended. Parole provides only a conditional liberty. Violation of parole and its revocation ends the conditional liberty. This happens without the necessity of any resentencing.
The court in Gagnon (supra) held that in the circumstances of that case probation revocation like parole revocation is not a stage of a criminal proceeding. The reasoning for that conclusion can be found in Gagnon. It states in pertinent part: “Despite the undoubted minor differences between probation and parole, the commentators have agreed that revocation of probation where sentence has been imposed previously is constitutionally indistinguishable from the revocation of parole.” (Gagnon v Scarpelli, 411 US 778, 78.2, n 3, supra; emphasis added.)
In Gagnon (supra), the defendant was convicted and sentenced to 15 years in jail. The sentence was suspended and the defendant placed on probation. When that defendant violated probation, its subsequent revocation triggered the sentence which had already been imposed. That revocation involved no additional criminal proceeding.
The Supreme Court has, however, recognized that there are probation revocation proceedings which are criminal proceedings. (See, Mempha v Rhay, 389 US 128.) In Mempha after conviction the defendant’s sentence was deferred and he was placed on probation. He committed another crime and probation was revoked. His deferred sentence had a maximum of 10 years but the Judge could set a minimum as low as 1 year. The Supreme Court held in the context of that case that the probation revocation was a criminal proceeding.
The situation in New York and in our case is similar to Mempha (supra), in that after probation revocation, the Judge can exercise his discretion in sentencing the defendant. Unlike Gagnon, a previously imposed conditional sentence is not involved. When probation is revoked in New York, the previous sentence is vacated. The defendant is resentenced and any one of a number of possible jail sentences are available for imposition. Probation revocation hearings in New York State — because a new and different sentence may be imposed — involve a stage of criminal prosecution.
If that is so, must the District Attorney appear at all criminal prosecutions in the county?
It has long been recognized, in this State, that the District Attorney need not appear at every criminal proceeding. This is so despite the wording of County Law § 700. Until 1967, the District Attorney in New York County did not appear in the *389 New York City Criminal Court (or its predecessor court) to prosecute prostitution cases. A police prosecutor handled this chore. Former New York City Criminal Courts Act § 37 recognizes the right of an individual to prosecute certain misdemeanor actions. The Court of Appeals in People v Van Sickle (13 NY2d 61) has held that petty criminal offenses, including misdemeanors, may be prosecuted by officers or attorneys other than the District Attorney in courts of special sessions. The latter were the predecessors of today’s courts of inferior jurisdiction.
This court, however, has found no law, appellate decision of opinion of the Attorney-General which recognizes the right of anyone other than a District Attorney to prosecute a criminal proceeding resulting from an indictment. {See, 22 NYCRR 661.2.)
While the District Attorney need not appear in all prosecutions in inferior courts, i.e., probation revocation hearings in the New York City Criminal Court, he must appear in all prosecutions of indictments in Supreme Court. This includes probation revocation hearings.
At the conclusion of the revocation hearing, if sentence is to be pronounced, the prosecutor has the right to speak on sentence. {See, CPL 380.50.)
This power cannot be delegated. “[T]he powers and duties imposed by law upon a District Attorney, that require the exercise of judgment and discretion in their performance, cannot be delegated to another without express legislative authority.” (See, People v Di Falco, 44 NY2d 482, 487.)
This court will not permit an attorney from the New York City Probation Department to conduct the probation revocation hearing.
The court need not reach the remaining contentions raised by the defendant.