George DOTSON, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 85–134.

Supreme Court of Wyoming.

Jan. 8, 1986.

Leonard D. Munker, State Public Defender, Martin J. McClain, Appellate Counsel, and Margaret Ann Maurer, Legal Intern, Wyo. Public Defender Program, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Sharon L. Gwin, Student Intern, for appellee.

Before THOMAS, C.J., ROONEY,[*] BROWN and CARDINE, JJ., and GUTHRIE, J., Retired.

GUTHRIE, Justice, Retired.

Appellant here was tried for the crime of knowingly making a false statement and document required for the sale and transfer of a motor vehicle in violation of § 31-4-318, W.S.1977. At trial in the justice of the peace court, he was found guilty, and sentence was imposed. An appeal was pursued to the district court, and that judgment was affirmed. This appeal is taken then from that action of the district court.

The prosecution in this case was conducted by Chris White, who was acting as a deputy county attorney in Park County, Wyoming. Mr. White was not at that time a member of the Wyoming State Bar, but was a member of the California State Bar and was admitted to the Wyoming State Bar approximately one month after this incident. It does not appear from the record that the appellant or his counsel was aware of this fact at the time of trial. When this became known to counsel and to appellant, a motion to dismiss upon this

basis was made to the justice of the peace and was denied. This action and the conviction and judgment were affirmed by the district court on appeal.

In this case, the appellant's argument is grounded upon the following:

"Whether the failure to comply with the rules and statutes governing the practice of law in the State of Wyoming deprived the justice court of jurisdiction to prosecute Appellant."

■ The brief of the appellant here makes no claim of prejudice nor was any asserted in argument. Error which does not affect substantial rights is regarded as harmless and "shall be disregarded" on appeal. Rule 49(a), W.R.Cr.P.; Rule 23(g)(1), W.R.Cr.P.J.C. Our case law follows this rule. Appellant must show prejudice and has the burden of establishing that prejudice. *Jackson v. State*, Wyo., 624 P.2d 751, cert. denied 451 U.S. 989, 101 S.Ct. 2327, 68 L.Ed.2d 848 (1981), and authorities cited; *Belondon v. City of Casper*, Wyo., 456 P.2d 238 (1969), cert. denied 398 U.S. 927, 90 S.Ct. 1815, 26 L.Ed.2d 89 (1970). It is this rule, and the courts' frequent adherence to it, which apparently prompts this appellant to seek salvation upon the theory that a prosecution so conducted involves an error so grave that the court would lose jurisdiction of the case. The broad application of the rule requiring the demonstrated existence of prejudice in order to require reversal is so all-encompassing that even errors of constitutional dimension may not justify reversal as plain error. *Hays v. State*, Wyo., 522 P.2d 1004 (1974).

■ Appellant states in support of this contention that "[t]his concept is so fundamental to the fair administration of justice that it is a jurisdictional issue that cannot be waived, and can be raised at any time." Aside from this expression of opinion, we find no applicable authority for such a proposition as is contended for by the appellant. The brief would have greater value in a case involving the unlawful or un-

---

[*] Retired November 30, 1985.

authorized practice of law, but in no place does there appear to be any authority upon the narrow question which is directly posed here, which the Court conceives to be:

Does the appearance and prosecution of a case by a deputy county attorney who was not then a member of the Wyoming State Bar deprive the trial court of jurisdiction of the offense charged when the defendant is in no manner prejudiced?

The case of *People v. Montoya,* 44 Colo. App. 234, 616 P.2d 156 (1980), is applicable here because of its posture. In that case, as in this case, a motion to dismiss on the basis that the court lacked jurisdiction was made because members of the attorney general's office had been improperly appointed to appear as special prosecutors and, therefore, their appointments were invalid. In response to this contention, the court at page 162 observed:

" * * * The eligibility of members of the Attorney General's office for appointment as special prosecutors has no bearing on the *ultimate determination of guilt or innocence;* even if ineligible as special prosecutors, the members of the Attorney General's office *acted as de facto officers whose authority to prosecute Montoya may not now be challenged.* [Citation.]" (Emphasis added.)

In the case of *Commonwealth v. Carpenter,* 172 Pa.Super. 271, 94 A.2d 74 (1953), a defendant raised objection to the trial court having allowed private counsel to improperly participate in the prosecution. There the appellate court made the following observations at page 76:

"Likewise without merit is defendant's argument that the trial judge erred in permitting private counsel to participate in the prosecution. Defendant 'had no legal concern with the personality of those selected by the Commonwealth to conduct the prosecution'. * * * "

Later in that paragraph, the court observed:

" * * * [D]efendant does not contend, that he did not conduct himself in an ethical and dispassionate manner. *His deportment during the trial,* not his

participation in other proceedings adverse to defendant, *is the controlling consideration.* [Citations.]" (Emphasis added.)

This last quotation is particularly applicable here because in this case there is no charge of any wrongful conduct or unfair advantage being taken of this appellant because of Mr. White's appearance.

It has been held in many cases that where the prosecuting attorney who conducts or helps conduct the prosecution is disqualified, if reversed, the remedy is the grant of a new trial. *State v. Leigh,* 178 Kan. 549, 289 P.2d 774 (1955). These rulings are not consistent with a lack of jurisdiction.

Appellant suggests that the case of *People v. James,* 150 Misc. 390, 269 N.Y.S. 626 (1934), has some value in determination of this case. We have examined the same and find the factual situation makes it totally inapplicable. We also find it to be an opinion of the Delaware County Court hearing an appeal from a court of special sessions which would make it doubtful authority at best.

It has come to this Court's attention in an earlier case, *Pote v. State,* Wyo., 695 P.2d 617 (1985), that Chris White was participating in prosecutions in Park County as a deputy prosecuting attorney, although he was not a member of the Wyoming State Bar. In response to the appellant's complaint about this situation, the opinion noted, at page 631, that this had not been brought to the attention of the trial court and was not before the Court, with this comment, however: "Appellant has not shown how this circumstance prejudiced him." District Judge Hanscum, sitting by assignment, in a concurrence noted that this participation was error but found no prejudice. We find these observations of value in this case.

Appellant cannot, by the appellate process, effect a metamorphosis which changes a trial error or irregularity, which is not prejudicial to the defendant and is not of constitutional dignity, into a jurisdictional defect. To hold this would tend to

confirm the belief that some hold that criminal appeals do not concern themselves with the facts, justice, or fair trials, but rather are a search for an excuse to reverse criminal convictions.

Although the State, in defense of this judgment, also submits argument that Mr. White's appearance was not violative of the then rules, because we are satisfied with the lower court's disposition hereof, and in light of the fact that there has been an amendment of these rules which requires the physical presence of a Wyoming State Bar member with an out-of-state lawyer, such a situation can never recur, and discussion would have no value.

The judgment is affirmed.