OPINION OF THE COURT
Albert Tomei, J.
This motion to dismiss, pursuant to CPL 30.30 (1) (a), *180 requires the court to determine how the unauthorized practice of law by a member of the District Attorney’s staff affects the calculation of the prosecutor’s speedy trial time. The facts of the case are not in dispute. On December 7, 1987, a felony complaint was filed in Criminal Court charging defendants with attempted grand larceny in the fourth degree, assault in the second degree, assault in the third degree, and obstructing governmental administration. Edward Rappaport, Esq., appeared for all three defendants, and the case was adjourned several times to allow the prosecutor to present evidence to a Grand Jury. On February 4, 1988, Mr. Rappaport advised Assistant District Attorney Karen Primack that he was aware of several eyewitnesses to the incident and requested that she include the testimony of these witnesses in her Grand Jury presentation. Ms. Primack agreed to do so on the condition that defendants consent to any delay associated with their appearance. Pursuant to this arrangement, four defense witnesses testified before the Grand Jury on June 14, 1988. The Grand Jury returned an indictment on June 16, 1988.
After defendants were arraigned on the indictment on August 3, 1988, Daniel J. Penofsky was assigned the prosecution of this case. Defendants allege, and the People concede, however, that unbeknownst to the District Attorney’s office, Mr. Penofsky had never been licensed to practice law in New York State. In his capacity as the assigned Assistant District Attorney, Mr. Penofsky apparently investigated the facts, responded to motions, and directed a paralegal to prepare a statement indicating that the People were ready for trial. On August 17, 1988, supervising paralegal Jean Taylor signed Mr. Penofsky’s name to three printed statements and provided them to Assistant District Attorney Andrea Umlas, who filed and served these statements in court. Based on these facts, defendants argue that the prosecution could not have been ready for trial on August 17, 1988 because the assigned Assistant was not a lawyer. They further maintain that the People never effectively announced their readiness because Daniel Penofsky was never qualified to make the representations contained in the prosecutor’s written statements.
After reviewing the submissions of both sides, the court concludes that defendants’ arguments lack merit. First, defendants have alleged no facts establishing that the People could not have started a trial on August 17, 1988. Although it would have been illegal for Daniel Penofsky to appear for the People, defendants provide no support for the assertion that a *181 legally qualified Assistant District Attorney could not or would not have actually conducted the trial. The District Attorney’s office employs many attorneys, and it is common for several lawyers to be assigned sequentially to the same case before the trial begins. Frequently, Assistant District Attorneys step in at the last minute when the assigned prosecutor becomes unavailable. In fact, CPL 30.30 requires the District Attorney to supply substitute attorneys to avoid being held accountable for delay (see, People v Jones, 68 NY2d 717; People v McCaffery, 78 AD2d 1003 [4th Dept 1980]; People v Bowe, 129 Misc 2d 1057 [Crim Ct, Kings County 1985]). Thus, absent any allegation that the People could not have gone forward on August 17, 1988 due to the unavailability of witnesses or other evidence, the court finds that the prosecutor’s office was ready to proceed notwithstanding Daniel Penofsky’s unlicensed status.
Defendants’ second argument for dismissal presents a slightly more complicated question concerning the effects of Mr. Penofsky’s unauthorized actions. In People v Kendzia (64 NY2d 331), the Court of Appeals held that for a statement of readiness to be effective, the People must either communicate their present readiness in open court or file a written notice serving a copy on defense counsel. In this case, the People filed a written statement signed under the authority of a person who the parties agree was fraudulently acting as an attorney. Sections 478 and 485 of the Judiciary Law make it a misdemeanor for an individual to practice or appear in any court of this State without being licensed to do so. By submitting a statement of readiness in his assumed capacity as an Assistant District Attorney, Daniel Penofsky may have committed a crime. Obviously, the People may not rely on the arguably criminal conduct of a member of their staff to establish the timeliness of defendants’ prosecution. The court therefore finds that Mr. Penofsky’s written statements of readiness were void (see, People v Chapnick, 114 AD2d 421 [2d Dept 1985]).
Although the documents filed on August 17, 1988 were invalid, the court nonetheless concludes that the People effectively answered ready on that date. It is uncontested that, in addition to filing Mr. Penofsky’s written statements, Assistant District Attorney Andrea Umlas orally advised the court that the People were prepared to go forward. This contemporaneous statement in open court by a licensed attorney satisfied the requirements articulated in Kendzia (supra). The fact that *182 Ms. Umlas may have relied on information she received from Daniel Penofsky does not invalidate her oral statement. Prosecutors frequently employ paralegals and investigators to monitor the availability of witnesses and to determine their ability to proceed without running afoul of the laws prohibiting unauthorized legal practice. Defendants do not allege that Mr. Penofsky’s assessment of the People’s readiness was inaccurate or that Mr. Penofsky engaged in any specific illegal conduct in concluding that his office was able to go forward. The court therefore holds that Ms. Umlas’ representation of readiness should be given full legal effect.
Given that the People were ready for trial on August 17, 1988, it is apparent that the prosecution has met the speedy trial requirements contained in CPL 30.30. It is undisputed that defendants consented to delay associated with the appearance of their witnesses before the Grand Jury. The 130-day period between February 4, 1988 and June 14, 1988 is therefore excludable pursuant to CPL 30.30 (4) (b). Subtracting this period from the 253 days that elapsed between December 7, 1987 and August 17, 1988, the court finds that only 123 prereadiness days are chargeable to the prosecution. Defendants do not argue that the People failed to maintain their readiness after August 17, 1988. The court therefore finds that the prosecutor still has ample time in which to bring this case to trial.
Accordingly, defendants’ motion to dismiss the indictment is denied.