OPINION OF THE COURT
Gerald J. Beldock, J.
Should a conviction obtained as a result of and during the commission of a crime by the prosecutor be vacated? Phrased differently, must a jury verdict be set aside because a prosecutor was never admitted to the practice of law in the State of New York?
On December 18, 1987, an indictment was filed charging defendant with robbery in the first and second degrees and various related offenses. On August 31, 1988 pretrial hearing was commenced, and on September 7, 1988 all suppression motions were denied. Jury selection commenced on September 8, 1988 and on September 23, 1988 defendant was convicted of robbery in the second degree and criminal possession of a *1021 weapon in the fourth degree. On October 14, 1988 defendant moved to set aside the verdict. This was opposed by the People by affirmation. The People also submitted a second felony statement. Both the second felony statement and the affirmation in opposition were signed by Assistant District Attorney (ADA) Daniel Panofsky. In the affirmation in opposition ADA Daniel Panofsky stated that he was "an attorney duly licensed to practice law in the courts of the State of New York”. ADA Panofsky conducted the suppression hearing, and the trial of defendant.
It has now been learned that ADA Panofsky has never been admitted to practice law in the State of New York. Defendant moves to vacate his conviction on this ground (CPL 440.10).
The District Attorney’s office concedes that Mr. Panofsky has never been licensed or authorized to practice law in the State of New York. It is alleged that Mr. Panofsky graduated from an accredited law school (presumably Boston University) in 1973. There is no allegation that Mr. Panofsky was admitted in any other State (Dotson v State, 712 P2d 365, 366-367 [Wyo] [differentiating between prosecutors never admitted to practice law and those admitted in other States]; see also, People v Felder, 47 NY2d 287, 294, n 6). Mr. Panofsky has been an Assistant District Attorney for over 13 years. It is conceded that Mr. Panofsky’s actions constitute a violation of Judiciary Law § 484, a class A misdemeanor.
Initially, the court must determine if an Assistant District Attorney or a District Attorney must be licensed to practice law in order to hold that office. If a District Attorney or an Assistant District Attorney need not be a licensed counselor-at-law, then the conviction must be upheld (State v Swan, 60 Kan 461, 56 P 750).
Neither the NY Constitution (art XIII, § 13) nor any statute (County Law §§ 700, 926, 927, 930) requires that a prosecutor be an attorney-at-law. The majority of States where there exists no explicit constitutional or statutory provision requiring that a prosecutor be admitted to practice law hold that admission to the Bar is a prerequisite to the holding of the office of prosecutor (People ex rel. Elliott v Benefiel, 405 Ill 500, 91 NE2d 427; People ex rel. Hughes v May, 3 Mich 598; Danforth v Egan, 23 SD 43, 119 NW 1021, 1024; State ex rel. Indiana State Bar Assn. v Moritz, 244 Ind 156, 191 NE2d 21; In re Opinion of Justices, 240 Mass 611, 135 NE 305; State ex rel. Summerfield v Maxwell, 148 W Va 535, 135 SE2d 741; *1022 New Hampshire Bar Assn. v La Belle, 109 NH 184, 246 A2d 826; State v Henry, 196 La 217, 198 So 910, 913-914; cf., equally divided court in People ex rel. Baxter v Hallet, 1 Colo 352). Two rationales appear throughout these cases. The first is that the title of the office implies requirement of an admission to the Bar. The word "attorney” in the titles "district attorney” "state’s attorney”, "county attorney”, “attorney general” is an indicia that the officeholder be admitted to practice law.
The second reason is that the duties of the prosecutor’s office require that the officeholder charge a Grand Jury, conduct trials, appear in court, and conduct other legal actions. These duties can only be performed by a duly licensed counselor-at-law. The courts thus hold that the prosecutor must be an attorney, otherwise he would be unable to perform the duties of his office.
A minority of courts hold that a prosecutor need not be admitted to the practice of law (People v Dorsey, 32 Cal 296; State ex rel. Kinsella v Eberhart, 116 Minn 313, 133 NW 857; State v Swan, 60 Kan 461, 56 P 750, supra). These courts hold, absent explicit language in the Constitution or statute, that a court is not authorized to create requirements for the holding of public offices which are not explicitly in the Constitution or statute. The courts feel that the electors or the appointing officer’s right to elect or appoint an individual to a public office cannot be abrogated by judicial fiat. Further, the courts hold that since a District Attorney does not need a law license, he may practice law in his capacity as prosecutor (State v Swan, supra).
Two early New York nisi prius courts have adopted the reasoning of the majority (Matter of Sposato, 180 Misc 933; Matter of Sposato, 180 Misc 940). This court finds that the reasoning of the majority of courts to be correct.
The court holds that an Assistant District Attorney or the District Attorney must be licensed to practice law in order to qualify for the public office of prosecutor.
The fact that a public officer who is duly elected or appointed does not have the qualifications for the office does not mean that the acts done by such individual during such person’s tenure are null and void. Generally, acts of public officers who are not qualified for their offices are binding on third parties (see, 48 NY Jur, Public Officers and Employees, §§ 296-304; 63A Am Jur 2d, Public Officers and Employees, *1023 §§ 578-608; 27 CJS, District and Prosecuting Attorneys, §§ 9, 28 [1] [c]). These unqualified officers are deemed de facto officers. This concept has been applied to prosecutors who are not qualified to act as such (People v Williams, 139 AD2d 138, 143, revel on other grounds 73 NY2d 84; People v Lytle, 7 App Div 553, 564-568 [Hardin, P. J., concurring opn]; People v Fuller, 156 Misc 404, 413, 434; Dotson v State, 712 P2d 365 [Wyo], supra; Galvino v People, 75 Colo 94, 224 P 225; Pamanet v State, 49 Wis 2d 501, 182 NW2d 459; Petition of Dusablon, 126 Vt 362, 230 A2d 797; Gasper v District Ct., 74 Idaho 388, 264 P2d 679; People v Kempley, 205 Cal 441, 271 P 478). The acts of a de facto prosecutor may not be collaterally attacked in order to vacate a conviction (State v Cook, 84 Wash 2d 342, 525 P2d 761, 766; State v Bell, 84 Idaho 153, 370 P2d 508; People v Davis, 86 Mich App 514, 272 NW2d 707; see also, Matter of Schumer v Holtzman, 60 NY2d 46).
In this case, the appointment of Mr. Panofsky as an Assistant District Attorney was regular in all respects, except that he was not qualified to hold that office. Mr. Panofsky must be deemed a de facto Assistant District Attorney. Although a de facto Assistant District Attorney, his office did not authorize him. to practice law without a license (People ex rel. Elliott v Benefiel, 405 111 500, 91 NE2d 427, 429, supra). The act of trying a case was not authorized by the office he held. Thus, he acted ultra vires. Unauthorized acts of public officers are subject to attack by any party who is affected by such illegal conduct. The defendant may attack the illegal practice of law by Mr. Panofsky since he was affected by the unauthorized actions.
The District Attorney, relying on Dunn v Eickhoff (35 NY2d 698) and Matter of Lackas (65 AD2d 800), claims that notwithstanding the prosecutor’s lack of a license, the conviction is valid.
In Dunn v Eickhoff (35 NY2d 698, supra), a civil infant plaintiff was represented by a disbarred attorney. The court held that plaintiff was bound by the acts of the disbarred attorney. The instant matter is distinguishable in two significant ways. First, the attorney in Dunn was a disbarred attorney who at one time had been admitted to practice law. Counsel had the legal training and knowledge of an attorney but due to some conduct was disbarred. As pointed out in People v Chin Min Foo (144 Misc 2d 589), there is a long line of cases which differentiate between acts of a disbarred attorney and acts of a person who has never been admitted to the *1024 practice of law. Further, the Court of Appeals has rejected the use of Dunn in criminal cases (People v Felder, 47 NY2d 287, 294, n 6, supra). There are significant differences between civil and criminal cases so that the rules applicable to civil cases are not applicable to criminal cases (see, e.g., People v Plevy, 52 NY2d 58, 64; People v Berkowitz, 50 NY2d 333, 344-345; People v Fielding, 158 NY 542, 547). Dunn is not applicable to this case.
Because of the distinctions between civil and criminal cases, the case of Matter of Lackas (65 AD2d 800, supra) is also inapplicable. Further, the viability of that case is questionable. The majority in that case cited the Appellate Division in People v Felder (61 AD2d 309) as supporting their holding, and the concurring opinion felt itself bound by the Appellate Division Felder opinion. After the Lackas decision, the Court of Appeals reversed the Felder court (People v Felder, 47 NY2d 287, supra). Therefore, Matter of Lackas is not applicable to this case.
Several New York nisi prius courts have held that a conviction obtained by a nonattorney prosecutor must be vacated (People v O’Neil, 139 Misc 529, 531; People v James, 150 Mise 390; People v Wood, 151 Misc 66, 71). Those cases held that prosecutions conducted by a complaining officer, a district inspector for the Conservation Commission and the Sheriff of Broome County, must be vacated because the prosecutor was a nonattorney. The specific holdings of those cases appear to have been overruled (People v Van Sickle, 13 NY2d 61; People v DeLeyden, 10 NY2d 293; People v Abajian, 142 Misc 2d 250). However, their discussions regarding a nonlicensed prosecutor do not appear to be overturned.
In People v Black (156 Misc 516, 518-519), the court held that it was not the illegal practice of law when an inspector for the Conservation Department prosecuted a criminal matter. The court read former Penal Law §§ 271 and 270 in conjunction with each other. It held that the statute prohibits the practice of law by a person in the "business” of law or a person making a profit from such practice. From this, the court reasoned that an inspector for the Conservation Department is not in the "business” of practicing law nor does he make a profit from the prosecution of a criminal matter. There was thus no illegal practice of law.
In People v Wyner (207 Misc 673), the court permitted a Village Attorney to prosecute a Vehicle and Traffic Law *1025 crime. Although the case involved a duly licensed attorney and thus did not present the issue of a prosecutor without a law license, the historical analysis contained there has been used to justify non-law-trained prosecutors.[1] As stated in Matter of Johnson v Boldman (24 Misc 2d 592, 594), "It has been a 'long-established and accepted procedure and practice of over a century’, which 'to-day has the force of law’, to have the prosecution of misdemeanors and offenses in the lower courts 'conducted by local authorities, that is, by the police, State troopers * * * town and village attorneys and corporation counsels.’ (People v. Wyner, 207 Misc. 673, 675, 677; see, also, People v. Schildhaus, 4 N Y 2d 883; Matter of Turecamo Contr. Co., 260 App. Div. 253, motion for leave to appeal denied 259 App. Div. 1094; People v. Halbreich, 18 Misc 2d 473; People v. Montgomery, 7 Misc 2d 294; Matter of Coleman v. Lee, 1 Misc 2d 685.) And 'it is commonplace for the Magistrates to avail themselves of the services of counsel representing the complaining witnesses’ to prosecute cases in the lower courts. (People v. Scharer, 185 Misc. 616, 617.)” (See also, People v Halbreich, 18 Misc 2d 473, 475; People v Birnberg, 112 Misc 2d 870, 872.) Inferentially, the courts are holding two things. First, the practice of law by certain nonattorneys is acceptable. Since the courts determine who may practice law, the acceptance of these lay prosecutors is in effect admission to the Bar for the particular case. The courts are also implying that a "necessity” exception exists to the prohibition against nonlicensed individuals practicing law (see, State ex rel. McLeod v Seaborn, 270 SC 696, 244 SE2d 317). Since historically there has been a high volume of petty prosecutions, which the District Attorney cannot handle, an exception to the prohibition against unlicensed practice of law exists.
In People v Van Sickle (13 NY2d 61, supra), the court upheld the conviction of a defendant who was prosecuted by a nonlawyer complainant. The majority did not address the issue of the lack of a law license on the part of the complaining witness. The concurring opinion adopted much of the *1026 reasoning of People v Wyner (207 Misc 673, supra). Further, the concurring opinion stated it is "an ancient right of the individual litigant to appear in proprio persona” (at 65). It appears that the concurring opinion holds that a complaining witness is a party to the action and thus is not illegally practicing law when prosecuting the case in which the individual is a complainant.
New York cases which have found that a prosecutor has illegally practiced law without a license have vacated the convictions. Courts which have permitted nonlawyer prosecutions have done so on a view that for some reason such prosecution is not the illegal practice of law. (The Attorney-General agrees with those cases which hold that a complainant or an administrative officer who prosecutes matters are not illegally practicing law [1974 Atty Gen (Inf Opns) 166-168]).
The reasons given in those cases which permit nonlawyers to prosecute petty offenses are not applicable to this case. Mr. Panofsky was in fact in the business of practicing law, and made a profit therefrom (cf., People v Black, 156 Misc 516, supra). There exists no historical basis for permitting an Assistant District Attorney to be a nonlawyer (cf., People v Wyner, 207 Misc 673, supra, and its progeny). Mr. Panofsky can in no way be considered a "party” to this litigation (see, People v Van Sickle, 13 NY2d 61, 63-66 [Van Voorhis, J., concurring opn], supra).
The law outside New York is the same as in New York. Those courts that have permitted nonattorneys to prosecute petty offenses have found exceptions to the prohibition against the illegal practice of law by a nonlicensed person (State ex rel. McLeod v Seaborn, 270 SC 696, 244 SE2d 317, supra; State v Kent, 4 ND 577, 62 NW 631, 635; State v Cook, 84 Wash 2d 342, 525 P2d 761, supra; see also, State v Urban, 98 NH 346, 100 A2d 897). Those courts that have found that a prosecutor was practicing law without a license have vacated convictions solely on that basis (People v Munson, 319 111 596, 150 NE 280, 283; State v Russell, 83 Wis 330, 53 NW 441, 441-443; State v Cook, 9 Wash App 227, 512 P2d 744, revd on grounds that practice was legal 84 Wash 2d 342, 525 P2d 761, supra; see also, State v Sossamon, 298 SC 72, 378 SE2d 259). Illustrative of this principle is the law in South Carolina. In 1972 the Supreme Court of South Carolina permitted arresting officers to prosecute minor offenses (State v Messervy, 258 SC 110, 187 SE2d 524). The court did not discuss the prohibition against *1027 practicing law without a license. In 1978 the Supreme Court of South Carolina had before it a declaratory judgment requesting the court to declare that a supervising Sheriff is permitted to prosecute petty offenses, and that such act does not constitute the illegal practice of law (State ex rel. McLeod v Seaborn, 270 SC 696, 244 SE2d 317, supra). The court held that it was proper for the supervising Sheriff to prosecute offenses and that it was not the illegal practice of law. The court created the "necessity” exception to the prohibition against unlicensed practice of law. It reasoned that the purpose of the statute prohibiting unlicensed practice of law was to protect the public against unscrupulous individuals. The court felt that the public would be better protected by permitting the supervising Sheriff to prosecute minor offenses instead of letting the offenders free because the prosecutor’s office could not handle the multitude of cases. In 1989 the Supreme Court of South Carolina had before it a petty offense prosecuted by a police officer who was neither the arresting officer nor the supervising Sheriff (State v Sossamon, 298 SC 72, 378 SE2d 259, supra). The court held that there was no necessity for such an officer to prosecute the offense and therefore the necessity exception to the practice of law did not apply and vacated the judgment of conviction without any discussion of prejudice. Thus, in South Carolina where the necessity exception to the prohibition against unlicensed practice of law applies, the convictions are upheld. However, where the necessity exception does not apply, and thus the prosecutor practices law illegally, the conviction is vacated without any showing of prejudice.
Nonetheless, the District' Attorney argues that the court should extend the permission for lay prosecutors to prosecute petty offenses to felonies. However, there are constitutional differences (see, e.g., Matter of Morgenthau v Erlbaum, 59 NY2d 143, cert denied 464 US 993; Scott v Illinois, 440 US 367; Argersinger v Hamlin, 407 US 25), civil rights differences (see, e.g., Election Law § 5-106; Public Officers Law § 30 [1] [e]; Judiciary Law § 510 [4]; § 486), statutory differences (see, e.g., CPL art 10; 30.30; compare, CPL 170.70 with CPL 180.80) and punishment differences between minor offenses and felonies. These distinctions mandate that felony cases be treated with more solemnity, and more rights than petty or minor offenses.
Further, the rule permitting lay prosecution of petty offenses violates the fair trial rule that a prosecutor should not be a witness in a case in which he/she conducts the trial (see, *1028 Annotation, 54 ALR3d 100; State v Aberizk, 115 NH 535, 345 A2d 407, 408; see generally, People v Paperno, 54 NY2d 294, 299, 301). While this violation may be tolerable for petty offenses tried by a Judge alone it becomes a violation of defendant’s rights when done in front of a jury.
The court finds that the District Attorney is mandated to prosecute all felonies and an unlicensed individual cannot (People v Vlasto, 78 Misc 2d 419; People v Johnson, 127 Misc 2d 386, 389).[2]
The District Attorney, citing People v Charles F. (60 NY2d 474, cert denied 467 US 1216), argues that since a conviction by a nonlawyer Judge is valid, there is no reason why a conviction obtained by a nonlawyer prosecutor should be vacated. The court disagrees with the prosecutor’s interpretation of Charles F. and the cases relied upon by that court (People v Skrynski, 42 NY2d 218; North v Russell, 427 US 328). These cases hold that as long as there exists a mechanism by which a defendant can request a law-trained Judge, defendant’s constitutional rights are not violated. People v Charles F. holds that to the degree that there is a right to a law-trained Judge, the right is not absolute. It is sufficient if the statute provides for application to transfer the matter to a law-trained Judge even if that application is denied.
In addition, Charles F. (supra) is not a felony case. For the reasons stated earlier, there are constitutional differences between felony and misdemeanor cases. Indeed, by a confluence of various sections of the New York State Constitution defendants are entitled to lawyer Judges in felony cases. Article I, § 6 requires that all felonies be prosecuted by indictment (the exceptions are irrelevant to this discussion). Article VI, § 7 requires that all indictments in the City of New York be tried in the Supreme Court (outside of New York it may be tried in the County Court). Thus a person charged with a felony must be tried in the Supreme Court in New York City (or outside New York City in the County Court). Article VI, § 20 mandates that a Justice of the Supreme Court (or a County Court Judge) must be "admitted to practice law”. Thus a felony charge must be tried in the Supreme Court by a Justice who is admitted to the practice of law. Charles F. does not apply to felonies.
*1029 In a felony case a defendant is entitled to a lawyer, Justice and a licensed defense counsel (People v Felder, 47 NY2d 287, supra). There is no reason or authority that the prosecutor does not have to be an attorney-at-law in a felony case.
The court finds for the reasons stated above that the Assistant District Attorney, who prosecutes felony cases, must have a license to practice law. This rule was violated by Mr. Panofsky, who prosecuted this felony case without ever having obtained a license to practice law in this State.
The issue now facing the court is whether a violation of the above rule requires per se reversal or reversal only if prejudice is shown.
The cases discussed earlier in which the courts found a prosecutor violated the prohibition against the practice of law without a license vacated the conviction without an examination of prejudice. Those courts, however, do not set forth their reasoning for such a per se rule.
In determining whether to apply a per se rule or one which requires a finding of prejudice this court will consider the following factors or principles:
a) A prosecutor has "more control over individuals’ liberty and reputation * * * than * * * perhaps any other public official”. (People v Zimmer, 51 NY2d 390, 394).
b) A prosecutor is a quasi-judicial officer, whose duties include instructing a Grand Jury as to the law, deciding who and when to prosecute, deciding what plea should be tendered to defendants, and many quasi-judicial functions.
c) A defendant does not have a right to select which prosecutor should prosecute the case (People v Kramer, 33 Misc 209, 220; People v Citadel Mgt. Co., 78 Misc 2d 626, 627, revd on other grounds 80 Misc 2d 668; People v Lanni, 10 Misc 2d 42, 44).
d) A fraud was committed on the court when Mr. Panofsky tried this matter even though he had no license to practice law. Implicit in Mr. Panofsky’s appearance before this court to select a jury and to conduct direct and cross-examinations was that he was a lawyer. The court relied on such representation in permitting him to practice law before it, accepting his affirmation in opposition to a motion, and his submission of a second felony offender statement (see, e.g., Matter of Lockett v Juviler, 65 NY2d 182).
e) In People v Poole (48 NY2d 144, 149), the court stated *1030 "the representation of a prosecutor, as an officer of the court, ought generally to suffice to determine the threshold issue”. This principle forms the foundation of many decisions by a court in a criminal proceeding. A signature of a prosecutor on a paper stating that a Grand Jury has indicted a defendant is sufficient for the court to continue incarceration of such defendant. Answers to motions and motions themselves are unsworn when made by a prosecutor. Statements of good faith are accepted by courts without any further inquiry because the prosecutor is an officer of the court. Statements of readiness are also accepted without inquiry (see, People v Greenfield, 144 Misc 2d 179). Neutral explanations for the reasons for a peremptory challenge are accepted by the courts without question to a prosecutor’s integrity. Decisions on motions are made on prosecutor’s representations (see, e.g., People v Wharton, 74 NY2d 921). Underlying the acceptance of the prosecutor’s word is the fact that he is an officer of the court and as such has taken an oath to administer the law properly. A prosecutor who is not an attorney is not an officer of the court and has never taken the oath for admission to the Bar. Thus the foundation for the acceptance of the prosecutor’s representations is nonexistent where the prosecutor is not a counselor-at-law.
f) Criminal law does not only concern itself with the accuracy of the results, but also with the integrity of the process by which a person has been convicted. A conviction in which the integrity of the prosecutor is questionable should not stand.
g) Generally when something is the fruit of illegal governmental action it must be suppressed (Wong Sun v United States, 371 US 471). A felony conviction obtained by a nonlawyer prosecutor is the fruit of the illegal practice of law by that prosecutor.
h) Where a conviction is obtained by flagrant misconduct on the part of a prosecutor or other law enforcement agent, the conviction must be vacated as violative of due process (see, People v Isaacson, 44 NY2d 511; People v Rao, 73 AD2d 88). In this case a flagrant fraud was committed on the courts, a violation of the prohibition of the unlicensed practice of law was committed.
i) As the late Justice Brandéis stated in Olmstead v United States (277 US 438, 485), "Decency, security and liberty alike demand that government officials shall be subjected to the *1031 same rules of conduct that are commands to the citizen. In a government of laws, existence of the government will be imperilled if it fails to observe the law scrupulously. Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy. To declare that in the administration of the criminal law the end justifies the means — to declare that the Government may commit crimes in order to secure the conviction of a private criminal — would bring terrible retribution. Against that pernicious doctrine this Court should resolutely set its face.”
The court feels that the regularity and integrity of the judicial process by which this defendant was convicted is questionable. Where the court permits a conviction to remain in force where fraud and illegality are used to obtain it, the court could only be deemed to be a partner in such fraud and illegality. The court therefore adopts the per se rule that a felony conviction obtained by a nonlawyer prosecutor must be vacated without regard to prejudice.[3]
The motion to set aside the verdict is granted.[4] Defendant is remanded pending appearance before this court and an appropriate bail application. The People shall arrange for defendant’s appearance in this court for further proceedings on January 9, 1990.

. Cases involving prosecuting attorneys other than District Attorneys are irrelevant to this discussion since the prosecutors were licensed to practice law (see, People v Birnberg, 112 Misc 2d 870; People v Kramer, 33 Misc 209; People v Montgomery, 7 Misc 2d 294; People v Apostle, 30 Misc 2d 55, 62; People v Schildhaus, 4 NY2d 883; People v Czajka, 11 NY2d 253; People v Scharer, 185 Misc 616; People v Leombruno, 10 NY2d 900; People v Rodgers, 205 Misc 1106, 1107; People ex rel. Pringle v Conuiay, 121 Misc 620, 622; People ex rel. Howes v Grady, 66 Hun 465, affd 144 NY 685; People v Vial, 132 Misc 2d 5).

. The court realizes that the specific holding of People v Johnson (127 Misc 2d 386) was overruled by Matter of Darvin M. v Jacobs (69 NY2d 957). However, the holding that the District Attorney must prosecute all felonies was not overruled.

. Had the court required a showing of prejudice, the burden of showing lack of prejudice would have been placed on the prosecutor. This is so because defendant has shown illegality, and once illegality is shown, the burden is on the People to show attenuation, or independent basis. Further, prejudice is not limited to the trial, but to prosecutor’s decisions and use of discretion. This information is in the sole possession of the People (see, People v Rosa, 65 NY2d 380, 386-387).

. The court takes no position regarding defendants, who pleaded guilty. Many of the considerations herein would not be present where a plea is taken. Further, a plea waives nonjurisdictional issues.