OPINION OF THE COURT
Bernard J. Fried, J.
At issue is the validity of a felony jury verdict obtained by a prosecutor, a law school graduate who had passed the New York bar examination, but who had not further completed her *528 application for admission to practice law. For the reasons stated below, I conclude that this motion to set aside the verdict should be denied.
The facts can be quickly stated: Following indictment for grand larceny in the fourth degree, and related charges, defendant’s first trial resulted in a deadlocked jury and a mistrial was declared. The case was then referred to this part for retrial, this time by a different Assistant District Attorney, Ms. Laverne Miller, who had not previously been involved in the prosecution.
At the retrial, the defendant was found guilty and sometime prior to the date scheduled for sentencing, the People became aware that Ms. Miller was not licensed to practice law and so notified the defense.[1]
The trial itself was short and straightforward. It concerned the theft of a wallet containing a credit card, from the unattended purse of a shopper in a department store. The defendant testified and denied the theft, but the jury, by its verdict, rejected his version of the incident, a rejection that I do not believe was incorrect, having observed the demeanor of the trial witnesses.[2]
The defendant contends that since there is no authorization for a nonattorney to try felony cases in the Supreme Court, both the trial and the verdict are a nullity. In addition, it is contended that there has been a per se denial of due process because of the unauthorized prosecution by a nonlawyer. In response, the People argue that the prosecutor, although not licensed to practice law, was acting in a de facto status, which status is not subject to challenge by the defendant. Moreover, the People contend that since there is no constitutional right to be prosecuted by an admitted attorney, there has been no per se denial of due process. Finally, the People argue that *529 there has been no showing of prejudice to the defendant, warranting setting the verdict aside.
Unquestionably, and unequivocally, the trial of a criminal prosecution by a law school graduate, not licensed to practice law or otherwise authorized under an approved Appellate Division program, is not only deplorable but criminal (Judiciary Law §§478, 486). However, I do not believe that the ineluctable consequence of such conduct is that the trial (or verdict rendered) is a nullity.
There is no constitutional requirement — Federal or State that a District Attorney or prosecuting attorney be a licensed attorney. Indeed, unlike the requirement that Judges in the courts of record in this State be admitted to the practice of law (NY Const, art VI, § 20), there is, amazingly, no similar requirement for District Attorneys (NY Const, art XIII, §§ 1, 13; see, Matter of Sposato [Graham], 180 Misc 933 [Sup Ct, Onondaga County 1943] [disqualifying nonlawyer as a nominee for Office of District Attorney]). Nor is there any requirement in the State’s statutory law requiring either a District Attorney (County Law § 700) or an Assistant District Attorney (County Law §702) to be a licensed attorney. However, it is the strong public policy of this State that no person may appear as an attorney other than for himself, unless "admitted to practice, as an attorney or counselor, in the courts of record in the state” unless an officer of a society for the prevention of cruelty or acting pursuant under a program approved by the appropriate department of the Appellate Division. (Judiciary Law § 484.) It is evident that this proscription applies to all these individuals, including one appearing in court as an Assistant District Attorney. As to this, there is no dispute. (See, People v Jackson, 145 Misc 2d 1020 [Sup Ct, Kings County, Beldock, J.], for a full discussion leading to this conclusion.) And this statutory prohibition is enforced in three ways: by criminal prosecution (Judiciary Law §485); by civil action (Judiciary Law §476-c); and by criminal contempt (Judiciary Law § 750 [B]). Of course, when the Sixth Amendment is implicated, that is where a criminal defendant has been represented by an unlicensed attorney, the conviction must be vacated. (People v Felder, 47 NY2d 287 [1979].) Otherwise, the fact that the person was unauthorized to practice law, "creates no ’nullities’ ” (cf., Dunn v Eickhoff, 35 NY2d 698, 699 [1974]). That Dunn concerned a disbarred lawyer is analytically insignificant since the practice of law by *530 a disbarred lawyer is similarly proscribed and criminal (Judiciary Law § 486).
Here, Ms. Miller had the attributes of a de facto public officer, as that concept has long been understood; "one whose title is not good in law but who is in fact in unobstructed possession of [a public] office and who is discharging the duties thereof in such a manner as not to present the appearance of an intruder or usurper” (see generally, 67 CJS, Officers and Public Employees, § 264; 48 NY Jur, Public Officers and Employees, §§ 296-304). She held an office which existed de jure. (People ex rel. Snyder v Hylan, 212 NY 236 [1914].) She performed the duties of that office. (Demarest v Mayor of City of N. Y., 147 NY 203 [1895].) And she had a colorable claim to the office. (Dolan v Mayor of City of N. Y., 68 NY 274 [1877].) Indeed, under the Appellate Division program for practice by nonadmitted law school graduates, she would have been authorized to perform many duties normally performed by an Assistant District Attorney. (Judiciary Law § 484; 22 NYCRR 520.9 [e] [2], [3]; 602.2 [c].) Recognizing her then as a de facto officer, her acts may not be collaterally attacked or questioned by third parties affected. (Demarest v Mayor of City of N. Y., supra.) A de facto officer’s acts may be challenged only by the Attorney-General by way of a quo warranta proceeding, and the sole remedy is removal from office. (People v Czajka, 11 NY2d 253 [1962]; Executive Law § 63-b.)[3]
Having concluded that there is no constitutional right to be prosecuted by an admitted attorney (cf., People v Van Sickle, 13 NY2d 61 [1963]) and that Ms. Miller’s de facto status may not be attacked by the defendant, the remaining inquiry is whether the record supports the defendant’s claim that Ms. Miller’s failure to be licensed, and to so inform the court, *531 requires the setting aside of the verdict, without inquiry into whether it was a defect that impaired the integrity of the trial. I do not believe that there should be such a per se rule, but rather an inquiry into the prejudice, if any. (But see, People v Jackson, supra.) First, that she was not bound by the Code of Professional Responsibility does not in, and of itself, mean that she acted unethically. Indeed, there is nothing in this record to suggest that she did not comport herself properly. Moreover, since an unadmitted attorney is not subject to the provision of the code, and since such attorney may, under supervision, practice at least in courts of limited jurisdiction, in this State, this reference to the code cannot be considered a defect in the proceedings warranting setting the verdict aside.
Where it is alleged that the prosecutor’s misconduct has caused a denial of due process, the "touchstone” of analysis "is the fairness of the trial, not the culpability of the prosecutor.” (Smith v Phillips, 455 US 209, 219 [1982].) I do not believe, however, that the defendant suffered any prejudice, in this case, as a result of being prosecuted by a nonadmitted Assistant District Attorney, nor has any prejudice been pointed to — beyond a vague claim that there is an "overall taint of fraud”. The only specific instance complained of concerned the missing plastic overlay from the first trial (see, n 2, supra); however, an adequate instruction was given and in my opinion, no prejudice resulted.
Accordingly, having concluded that the defendant suffered no prejudice, and having concluded that there is no per se rule requiring vacatur of this verdict, the motion is, in all respects, denied.[4]

. According to an investigator in the New York County District Attorney’s office, Ms. Miller had received her law degree in 1986, and "was certified on November 4, 1986, as having passed the New York State bar examination. However, [she] had taken no further steps to complete her admission to and had, therefore, not been sworn as a member of the New York State bar.”

. Only one trial issue deserves mention. Several clear plastic overlays of a diagram of the store floor plan were received in evidence at the first trial and marked by a witness. Because these overlays were missing at the retrial, I denied a motion to dismiss the indictment, but rather gave the jury an adverse inference instruction concerning the missing overlays. (Cf., People v Martinez, 71 NY2d 937 [1988].)

. I do not belief that People v Di Falco (44 NY2d 482 [1978]) requires a different result. In Di Falco because of the crucial role of a prosecutor vis-ávis the Grand Jury, the presence of an unauthorized prosecutor was held, as a matter of law, to create the possibility of prejudice requiring dismissal of the indictment. Although the earlier statute (Code Grim Pro § 313 [2]) required that in such circumstances an indictment be dismissed, the Di Falco court declined to read a requirement of actual prejudice into CPL 210.35, but rather held that it requires only the possibility of prejudice. Quite obviously, the court was concerned about "the integrity” (CPL 210.35 [5]) of ex parte Grand Jury proceedings, over which by law, the District Attorney is vested with "substantial control” (44 NY2d, at 487). On the contrary, it is basic that the petit jury is not so controlled, but rather presided over by an impartial judicial officer. Thus, the Di Falco rule is inapplicable.

. Defendant’s motion for dismissal of his indictment in the furtherance of justice pursuant to CPL 210.40 is also denied. I have carefully reviewed the papers submitted and do not believe that there exists, considering the factors set forth in section 210.40 individually and collectively, such compelling factor, consideration or circumstance, which would warrant the exercise of my discretion to grant the relief sought. I am also denying defendant’s motion to set aside the verdict as against the weight of the evidence; this motion is baseless. Finally, I decline to reconsider the decision by Judge Allen Murray Myers, to whom this case had been previously assigned, denying a motion to dismiss pursuant to CPL 30.30.